19 N.J. Super. 521 (1952)
88 A.2d 655
MAURICE ROSENTHAL, PLAINTIFF,
v.
NELL ROSENTHAL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 19, 1952.
*522 Messrs. Kahn and Schildkraut (Mr. Nathan N. Schildkraut appearing), attorneys for plaintiff.
Messrs. Kessler & Kessler (Mr. Samuel I. Kessler appearing), attorneys for defendant.
*523 EWART, J.S.C.
This matter comes before the court on notice by plaintiff, supported by affidavit, on application:
"* * * for an order to modify the terms of the Judgment Nisi entered in this action as to the custody and support of the child of the parties to the action, on the ground that the infant child's welfare will best be served by a modification of said judgment in making provision for his enrollment and attendance at a preparatory school."
A hearing was held on the motion on May 2, 1952, at which both the plaintiff and defendant testified and were cross-examined. In addition, Arthur Rosenthal, the 13-year-old son of the parties and the subject matter of this controversy, was interviewed in chambers in the presence of counsel for the respective parties, but Arthur was not asked to testify.
It appears from the record in this case that the plaintiff and defendant were married August 12, 1937; that they separated in 1943; that the wife Nell Rosenthal instituted suit for divorce against her husband, the plaintiff Maurice Rosenthal, by petition filed May 26, 1944, but that her suit was dismissed by decree entered August 23, 1945; that the husband Maurice Rosenthal, plaintiff in the present suit, instituted suit for divorce against his wife on the ground of desertion and that a decree nisi granting him such divorce was entered January 27, 1948; and that, by the terms of the decree nisi, custody of the child Arthur was awarded to the defendant wife "until the further order of this court," with liberal rights of visitation in favor of the plaintiff father as in the said decree nisi particularly and at length set forth. The decree nisi also directed the plaintiff husband to pay his wife $38 per week for the support and maintenance of the child Arthur "until the further order of this court," the provision for maintenance to be retroactive to August, 1943, less credits against the award for maintenance for sums theretofore paid by the plaintiff father.
The proofs taken at the hearing disclosed that the boy Arthur, son of the parties to this suit, is now 13 years of age and will attain his 14th birthday on November 3, 1952; *524 that he attends the Bergen Street Public School in the City of Newark; that he receives good grades in his school work and is expected to graduate from the 8th grade in June of 1952 and that his mother, the defendant, plans to send him to the South Side High School in the City of Newark upon his graduation next June from the Bergen Street School. It also appears that the boy Arthur resides with his mother in a two-room and kitchenette apartment at 344 Clinton Avenue in the City of Newark, a populous neighborhood inhabited by persons of mixed racial strains, distant about two blocks from the South Side High School above mentioned.
My interview with the boy Arthur in chambers, at which counsel for both sides was present, leads me to the conclusion that the boy is intelligent, well-informed, well-mannered and well-spoken, and is a credit to both parents, particularly to the mother in whose sole custody he has been since 1943.
The proofs also disclose that the plaintiff Maurice Rosenthal, father of the boy, has a strong affection for his son; that he takes advantage of the liberal provisions of the decree nisi for the right of visitation; that he is vitally interested in the boy's happiness and future welfare; that he takes the boy with him on trips to the seashore, to Florida and other places; and that he, the father, does not limit his contributions for his son to the $38 per week provided in the decree nisi, but that, in addition thereto, he expends considerable money in providing his son with extra clothing, spending money, bicycles, baseball and gloves, trips to the seashore, to Florida and to other places.
The proofs satisfy me that both parents are very fond of their son and are vitally interested in his happiness and welfare and nothing has appeared in the conduct of the mother that would warrant the court in depriving her of his continued custody.
The boy's father, the plaintiff in this suit, desires to have his son entered, following his graduation from the 8th grade of the Bergen Street School, as a boarding student in the Lawrenceville School at Lawrenceville, N.J., or in some *525 other private preparatory school of high standing and has expressed not only his willingness but his strong desire to have his son graduate from a preparatory school of good standing and also, upon his graduation from preparatory school, to enter college and to complete a college course in order to properly equip his son for the future. The father testified that he has ascertained that it will cost approximately $2,250 per year for tuition and board at the Lawrenceville School and has further testified that he is financially able and willing and anxious to expend the necessary monies to provide his son with a four-year preparatory school course and, upon the latter's graduation from preparatory school, to further provide the boy with a college education and to pay the cost thereof. On the other hand, the boy's mother, the defendant, insists that a public school education for her son is adequate; that her son can secure such education at the South Side High School in Newark, N.J.; and charges that the boy's father is really attempting to deprive her of her son's companionship so as to weaken her son's affection for and dependence upon her. That charge the father denies and claims that he is looking only to what would be best for his son. And the father also suggests that the mother is more interested in the continued receipt of the $38 per week payments she is receiving for the maintenance and support of her son than she is in having her son continue to receive his education in public schools. And it is suggested that the $38 per week is used largely for the support of the mother although there is no provision in the decree nisi for the payment of maintenance or support of the mother.
The son Arthur has expressed his desire to enter Lawrenceville, or some other good preparatory school, and has expressed the hope that he may be able to attend Massachusetts Institute of Technology upon his graduation from preparatory school.
While the decree nisi entered January 27, 1948, awards custody of the boy Arthur to his mother "until the further order of this court," nevertheless this court has power under the statute (R.S. 9:2-4 as amended by L. 1948, c. 321) to *526 "make the necessary orders and judgments from time to time in relation to such custody or possession." The application filed by the plaintiff father in this case does not seek a revocation of the award of custody of the boy Arthur Rosenthal to his mother, the defendant, but merely seeks such modifications of the order awarding custody to the mother as may be necessary to permit the boy to be separated from his mother while attending the Lawrenceville School or some other preparatory school.
The child's happiness and welfare is, of course, the paramount consideration that should control the exercise of discretion by the court in this case. R.S. 9:2-4. Richards v. Collins, 45 N.J. Eq. 283, at 287 (E. & A. 1889); Seitz v. Seitz, 1 N.J. Super. 234 (App. Div. 1949). And in that connection, the wish and desire of the boy himself may be consulted and given weight by the court. Richards v. Collins, supra.
Of course, the father is not required to provide his son with schooling in a private preparatory school nor with college or professional training, nor with any education beyond that which the boy might receive in the public schools of this State. Streitwolf v. Streitwolf, 58 N.J. Eq. 570, at 576 (E. & A. 1899); Ziesel v. Ziesel, 93 N.J. Eq. 153, at 157 (E. & A. 1921); Straver v. Straver, 26 N.J. Misc. R. 218, at 224 (Ch. 1948). However, this case does not deal with what the father may be required to do by way of providing his son with an education, but rather with what he voluntarily desires to do at considerable expense for the happiness and future welfare of his son.
In Caruso v. Caruso, 102 N.J. Eq. 393, at 398, (Ch. 1928), the late Chancellor Walker said:
"The last duty of parents to their children is that of giving them an education suitable to their station in life, a duty pointed out by reason and of far the greatest importance of any."
The reluctance of the defendant mother in parting with the companionship of her son for such time as he would *527 spend in a private preparatory school is understandable. Yet she cannot hope to avoid such parting in the course of the next few years when her son would normally go away to college or seek employment after his graduation from high school. And the proposal is not to send the boy to a distant place difficult of access to the mother, but to a school not far removed from the City of Newark where the mother resides. There would appear to be no reason why she should not be able to make frequent visits to her son at school; to have him at home with her on occasional week-ends; and to enjoy his companionship during holidays and summer vacation periods.
Bearing in mind the expressed desire of the boy, Arthur Rosenthal, and that the paramount and controlling consideration must be what is best for the boy himself, I have reached the conclusion that the terms of the decree nisi should be modified to the extent necessary to permit the son of the parties to take advantage of the generosity of his father, the plaintiff, and to attend Lawrenceville or some other preparatory school of high standing and afterwards to secure a college education, both of which the plaintiff father has expressed his willingness and financial ability to provide and pay for.
The particular terms of the order or judgment modifying the decree nisi should be worked out by counsel for the respective parties, but if it cannot be worked out by agreement, the court will hear counsel and will determine the terms of the order or judgment to be entered.