DOMINICK JOSEPH ESPOSITO, PLAINTIFF-APPELLANT, v. MARY RUTH ESPOSITO, DEFENDANT-RESPONDENT.

Argued November 4, 1963—Decided November 19, 1963.

*Mr. Albert L. Cohn* argued the cause for the appellant (*Messrs. David and Albert L. Cohn,* attorneys; *Mr. Daniel Crystal,* on the brief).

*Mr. Theodore S. Meth* argued the cause for the respondent (*Messrs. Meth, Bloom & Wood,* attorneys; *Mr. Hayden C. Covington,* of the New York Bar, of counsel).

PER CURIAM. The plaintiff and the defendant were married in 1953 by a Baptist minister in Elkton, Maryland. She had a Protestant background and he was a Roman Catholic, although neither was observant. A child was born in 1956 and was baptized in the Catholic Church. At times prior to September 1960 he was brought to some Protestant services. In September 1960 the defendant became a member of Jehovah's Witnesses. Thereafter serious marital discord arose turning mostly on the plaintiff's objections to the defendant's religious affiliation and her religious training of the child.

In October 1961 the plaintiff filed a complaint in the Chancery Division seeking sole custody of the child. The complaint alleged that the defendant was unfit to be entrusted with his care. A trial was held before Judge Concilio who found that the defendant was a fit mother and that the parties, who were still living in the same apartment though not as husband and wife, should have joint custody of him. On

October 3, 1962 a formal order was entered denying the plaintiff's application and placing custody jointly in the parties. On November 16, 1962 the plaintiff filed a notice of appeal from this order to the Appellate Division. On November 20, 1962 a further order was entered which provided that the child was to spend each weekday evening with his father from 6 P. M. to bedtime (no later than 10 P. M.) and all day Saturday. It provided further that "on Sunday the child may attend church services with his father, if the child so desires." On November 26, 1962 the defendant filed notice of cross appeal from the order of October 3 and from so much of the November 20th order as directed that the child spend each weekday evening and all day Saturday with his father. We certified the appeal and cross appeal before they were heard in the Appellate Division.

 There is nothing before us which would justify interference with the denial of the plaintiff's claim for sole custody. Custody of a child of tender years is normally placed with the mother, if fit. See *Grove v. Grove*, 21 *N. J. Super.* 447, 454 (*App. Div.* 1952). The trial court's finding of fitness is amply supported by the evidence. The defendant's cross appeal is based on the alleged lack of jurisdiction in the trial court to make any order "that pertains to religious instruction of the boy" or any joint custody order permitting "the husband to interfere with her religious instruction of the boy." The issue sought to be raised by the cross appeal is not presented by the record made below. The order of October 3 contains no reference whatever to religious instruction. The order of November 20th makes no reference to religious instruction other than that "on Sunday the child may attend church services with his father, if the child so desires." The record discloses that, during the trial, counsel for the defendant indicated his approval of this provision which represented the testimonial expression by the defendant while on the witness stand; and because of his stated desires, the child has in fact not been attending any church services with his father. In any event, the defendant's notice of cross appeal was ex-

pressly confined to so much of the order of November 20th as directed that the child spend weekday evenings and Saturday with his father.

At oral argument, counsel for both parties advised that there have been subsequent occurrences which may have rendered the orders appealed from moot. The defendant has instituted a separate maintenance action, has left the apartment which she had shared with her husband, and now lives in another part of the city with the child. Pending further order of the court in that action, she has custody of the child with week-end visitation privileges in the father. Custody normally carries with it full control of the child's religious upbringing. See *Donahue v. Donahue,* 142 *N. J. Eq.* 701, 703 (*E. & A.* 1948) ; *Boerger v. Boerger,* 26 *N. J. Super.* 90, 104 (*Ch. Div.* 1953) ; *Wojnarowicz v. Wojnarowicz,* 48 *N. J. Super.* 349, 354 (*Ch. Div.* 1958). At this time there is no occasion for considering when, if ever, a court would be justified in interfering with the custodian's religious selection and guidance. *Cf. Donahue v. Donahue, supra,* 142 *N. J. Eq.,* at *pp.* 703–704.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.