113 N.J. Super. 40 (1971)
272 A.2d 560
PETER VANNUCCHI, PLAINTIFF-RESPONDENT,
v.
SUSAN VANNUCCHI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1970.
Decided January 15, 1971.
*42 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
*43 Mr. Richard S. Semel argued the cause for appellant.
Mr. R.M. James Ruscick argued the cause for respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant appeals from a judgment entered in the Chancery Division which awarded plaintiff custody of their four-year-old child and dismissed defendant's counterclaim for custody. The judgment also denied plaintiff's application to restrain defendant from proceeding with a divorce action she had instituted against plaintiff in Illinois.
The parties were married in Yonkers, New York, on February 6, 1965. They lived for a short period of time in New Jersey where John Vannucchi, the only child of the marriage, was born on July 26, 1965. In September 1966 they moved to Chicago where a family residence was maintained. In the fall of 1967 marital difficulties arose between the parties. In September and on December 31, 1967 plaintiff allegedly beat his wife, and thereafter she conferred with an attorney concerning the institution of proceedings for divorce. On January 7, 1968 plaintiff left Chicago and went to his parents' home in New Jersey, taking the child with him. He returned the child to the mother in Chicago on March 9, 1968.
In January 1968 defendant brought proceedings in Illinois for divorce on the ground of extreme cruelty and for custody of the child. Plaintiff entered a general appearance and subsequently filed an answer in which he denied the allegations of the complaint, other than the fact of marriage and birth of the child, and asserted an affirmative defense of condonation.
In June 1968 plaintiff, with defendant's consent, brought the child to New Jersey to visit the child's grandparents. However, plaintiff thereafter did not return the child to the mother as agreed. On September 5, 1968 plaintiff filed *44 his present complaint in the Chancery Division seeking custody of the child and a judgment restraining defendant from proceeding with her divorce action. He secured an order to show cause with an ad interim restraint, which was served upon defendant on September 12. On September 18, 1968, following a contested hearing, the Illinois court awarded temporary custody of the child to his mother, directed plaintiff herein to return the child forthwith, enjoined him from proceeding in any other jurisdiction, and awarded the mother alimony pendente lite.
On October 11, 1968, the return day of the order to show cause in the New Jersey action, defendant did not appear. A default judgment was entered which awarded custody of the child to the father, permanently enjoined the mother from proceeding with her matrimonial action in Illinois, and adjudged her to be in contempt of court. Defendant's motion to vacate the default judgment was denied, and she appealed. On June 16, 1969 this court reversed the judgment of the Chancery Division and remanded the case, directing the trial court to permit defendant to file such pleadings as she deemed appropriate, to hear testimony and make specific findings of fact and conclusions of law as to whether New Jersey should entertain the plaintiff's suit in the light of the circumstances of the case and, if so, to whom custody of the child should be awarded.
Defendant thereafter filed her answer and counterclaim in which she alleged that the parties were residents and domiciliaries of Illinois; that New Jersey courts lacked jurisdiction over the persons of defendant, the infant child of the marriage and the subject matter of the litigation; that proceedings for divorce and custody of the child were pending in Illinois, to which plaintiff had entered a general appearance, and that the Illinois court had awarded temporary custody of the child to defendant and ordered plaintiff to return the child. Defendant sought a judgment dismissing the complaint, awarding her custody of the child and ordering plaintiff to deliver custody to her in Illinois.
*45 At the conclusion of an 11-day trial the trial judge awarded custody of the child to plaintiff but denied plaintiff's action to restrain defendant from proceeding with the divorce action in Illinois. He dismissed defendant's counterclaim for custody. In reaching his decision the judge held that, notwithstanding the order of the Illinois court awarding temporary custody of the child to defendant, the court had jurisdiction to determine the issue of custody under the parens patriae doctrine; that the intent of plaintiff was to continue New Jersey as his domicile, and the child was likewise domiciled here; that jurisdiction of the New Jersey court as to custody was not abrogated because service in the Illinois divorce proceeding was made on plaintiff in this State while the child was physically present in Illinois, nor by the order of the Illinois court granting temporary custody to the mother pending the divorce hearing. The judge further implicitly found that defendant was an unfit person to have custody of her child and that its best interests would be served by awarding custody to the father. Defendant appealed.
At oral argument we were informed that the Illinois court, following a contested hearing, had granted defendant a final decree of divorce. The decree, entered on February 8, 1970, provided that the issue of custody would be reserved for future consideration of that court following the determination of this appeal.
Defendant first argues that the Chancery Division lacked jurisdiction to determine the issue of custody because the Illinois court had prior jurisdiction over the parties and subject matter; that its orders are entitled to full faith and credit in New Jersey, and that the Illinois court's order of custody is res judicata. Alternatively, defendant argues that the Chancery Division should have declined to accept jurisdiction under the circumstances of this case; that it should not have invoked the doctrine of parens patriae where the physical custody of the child was obtained unlawfully and the unlawful taking of the child violated the public *46 policy of this State, and that the court should have entered a protective order requiring plaintiff to return the child to his mother in Illinois.
It is undisputed that plaintiff entered a general appearance in the Illinois proceedings and contested the suit for divorce and custody of the child brought by his wife. His participation in those proceedings gave that state authority to adjudicate the respective personal rights of the parties in the matter of custody. Casteel v. Casteel, 45 N.J. Super. 338, 349-350 (App. Div. 1957). Where there is a voluntary submission to a foreign jurisdiction there is no ground for intervention by New Jersey courts, unless there is a special equity justifying such relief notwithstanding defendant's appearance therein. Stultz v. Stultz, 15 N.J. 315, 319 (1954).
The crucial issue in this case is whether the Chancery Division should have declined to invoke its parens patriae jurisdiction under the circumstances which existed. There was pending before the Illinois court defendant's suit for divorce and custody to which plaintiff had entered a general appearance when plaintiff, with his wife's consent, brought the child to New Jersey ostensibly to visit at the grandparents' home. Thereafter, instead of returning the child to the mother as agreed, he filed his complaint in the Chancery Division seeking to have the court invoke its parens patriae jurisdiction in order to obtain custody of the child. It is clear that he did so in order to avoid a judicial determination of the issue of custody in the Illinois court, which had jurisdiction over the parties and the subject matter.
There is no question but that the Chancery Division has authority under its parens patriae jurisdiction to regulate the custody of an infant found within the State, and that such jurisdiction does not depend upon the domicile of the parents. That authority has its origin in the protection that is due to the incompetent or helpless and is firmly established in our jurisprudence. Fantony v. Fantony, 21 *47 N.J. 525, 535 (1956). However, in our view it should not be invoked as a means to obstruct the judicial processes of a sister state when that state has previously acquired jurisdiction to pass on the issue of the infant's custody. To permit it to be used for such a purpose would sanction a race to the court houses of different states and multiplicity of litigation.
The trial judge's conclusion that defendant, who had been granted custody pendente lite by the Illinois court, was unfit to have custody of her child, was based primarily on evidence ostensibly offered to impeach her credibility. Such evidence indicated, among other things, that defendant had been involved in an illicit affair with a married man before she married plaintiff, and further, that she had engaged in premarital relations with plaintiff himself. That evidence was clearly irrelevant and improper. Whether defendant was unfit to have custody of her child should have been based on evidence of her character, conduct and fitness following her marriage to plaintiff.
In the exercise of their parens patriae jurisdiction our courts look always to the protection of the child's best interests  the happiness and welfare of a child are paramount in determining custody. DiBiano v. DiBiano, 105 N.J. Super. 415, 418 (App. Div. 1969). While the rights of both parents are held to be equal, it is well recognized that custody of a child of tender years ordinarily is awarded to the mother if she is a fit and proper person. Esposito v. Esposito, 41 N.J. 143, 145 (1963); Sheehan v. Sheehan, 51 N.J. Super. 276, 290-291 (App. Div.), certif. den. 28 N.J. 147 (1958).
We have carefully reviewed the record of this lengthy trial and find no evidence which would justify a finding that defendant was unfit to have custody of her child. In this connection it is to be noted that while plaintiff claimed that defendant was an unfit mother, he voluntarily turned custody of the child over to her in March 1968, after which he returned to his parents' home in New Jersey. Plaintiff *48 resides with his parents in Cliffside Park and daily attends a podiatry college in New York City. While plaintiff is in school the child is in the care of plaintiff's mother. We note that neither of plaintiff's parents saw fit to testify at the trial concerning the health or welfare of the child.
In Hachez v. Hachez, 124 N.J. Eq. 442 (E. & A. 1938), the court invoked its parens patriae jurisdiction in the case of a child of foreign nationals, present in New Jersey enroute from Cuba to Germany, for the purpose of lending enforcement on grounds of comity to a foreign judgment of custody. The court said:
Reason dictates that a decree for custody, not tainted by a jurisdictional lack, shall be given everywhere the same recognition and effect that it receives in the state of its origin. Being conclusive of the status of the infant, and of the right of custody, at the time of its rendition, the decree should, in the absence of intervening substantial change, be accorded the same authority in other jurisdictions * * *. [at 447]
While Hachez involved a final decree of divorce entered in a Cuban court of competent jurisdiction which had awarded custody to the mother, and the instant case involves a temporary order of custody by an Illinois court having jurisdiction, it seems to us that the rationale of Hachez should govern. In our view, the parens patriae jurisdiction of our courts should be invoked when a child is temporarily in the State only if necessary to protect the child from an unfit custodian or to serve some limited purpose, as in Hachez. Casteel v. Casteel, supra, at 349. We should hold aloof when intervention is unnecessary for the welfare of the child. See also Morrison v. Morrison, 93 N.J. Super. 96, 98-99 (Ch. Div. 1966).
For the above reasons we are satisfied that the trial court erred in exercising its parens patriae jurisdiction to award custody of the child to plaintiff contrary to the provisions of the prior order of the Illinois court. The judgment is reversed and a judgment will be entered in conformity with *49 the order of the Illinois court awarding temporary custody to defendant pending determination of the issue of permanent custody by that court.
Reversed and remanded for further proceedings in accordance with this opinion.