147 N.J. Super. 61 (1977)
370 A.2d 539
STEWART W. POGUE, PLAINTIFF,
v.
JOAN POGUE, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided January 26, 1977.
*62 Mr. Walter R. Barisonek for plaintiff (Messrs. Heim and Barisonek, attorneys).
Mr. Donald H. Mintz for defendant.
GRIFFIN, J.S.C.
The issue in this case involves the right of a noncustodial parent to discipline his child. No reported New Jersey case has been found dealing with this question. Surprisingly, no case in point has been found in any state in the country.
The facts are undisputed. The husband left the marital home in April 1976. The wife remained with the six children of the marriage. While there is no custody order, the Juvenile and Domestic Relations Court has ordered support to be paid by the husband and has given him visitation rights. He works across the street from the home and is in frequent contact with the children. He is interested in the children and keeps in touch with the school to watch their progress.
The 15-year-old son of the marriage is not making good grades and has been involved in the destruction of some school property. In an effort to compel the boy to "buckle *63 down," the father has asked the court to enjoin his playing basketball. This is obviously the boy's "best subject," as he is on the team. The mother resists this application.
The court feels that the issue here involved is more basic than the boy's right to play basketball.
As this question has arisen pendente lite in a divorce action, N.J.S.A. 9:2-4 gives some guidance. It reads, in part, as follows:
In making an order or judgment relative to the custody of the children pending a controversy between their parents, or in regard to their final possession, the rights of both parents, in the absence of misconduct, shall be held to be equal, and they shall be equally charged with their care, nurture, education and welfare, and the happiness and welfare of the children shall determine the custody or possession.
The best interests of the child are served when the parents join together on matters of discipline. The child should not play one parent against the other. This is true when the home is intact. It is also true when the home is broken. However, when communication between the parents breaks down, the court cannot be asked to decide questions of routine discipline.
"Custody normally carries with it full control of the child's religious upbringing". Esposito v. Esposito, 41 N.J. 143, 146 (1963). This is not necessarily true, however, in matters of education. In Ziesel v. Ziesel, 93 N.J. Eq. 153 (E. & A. 1921), the court held that the noncustodial father would not be compelled to send his child to private school. Rosenthal v. Rosenthal, 19 N.J. Super. 521 (Ch. Div. 1952), mod. 26 N.J. Super. 400 (App. Div. 1953), gave the noncustodial father the right to send the boy to private school over the objection of the mother. The court said (at 526), "The child's happiness and welfare is, of course, the paramount consideration that should control the exercise of discretion by the court in this case."
There is no question but that the best interests of the child are of primary concern to the court in any conflict between *64 the parents. But should the court attempt to apply this test in matters of routine discipline? This is impractical. Must the court consider the refusal to permit access to the family car for two weeks because the child came in at 3 A.M.? The court cannot supervise the child on a day-to-day basis. It has neither the capacity nor the time so to do.
The New York Court of Appeals pointed out this difficulty in People ex rel. Sisson v. Sisson, 271 N.Y. 285, 2 N.E.2d 660 (1936), which involved a dispute over education.
The court cannot regulate by its processes the internal affairs of the home. Dispute between parents when it does not involve anything immoral or harmful to the welfare of the child is beyond the reach of the law. The vast majority of matters concerning the upbringing of children must be left to the conscience, patience, and self-restraint of father and mother. No end of difficulties would arise should judges try to tell parents how to bring up their children. Only when moral, mental, and physical conditions are so bad as seriously to affect the health or morals of children should the courts be called upon to act. [2 N.E.2d 661]
As Judge Goldmann said in Boerger v. Boerger, 26 N.J. Super. 90 (Ch. Div. 1953):
The parent to whom custody is awarded must logically and naturally be the one who lawfully exercises the greater control and influence over the child. The mother, who lives with the child more than six days a week, as contrasted with the father's limited visitation of a few hours on Sunday, is the one who actually rears the child and shapes its moral, mental, emotional and physical nature. [at 104]
The fact that there is no formal custody award is unimportant. The wife has actual custody. The husband does not ask for custody in his divorce complaint.
This court will not interfere, by holding a hearing or otherwise, with the day-to-day discipline of the custodial parent unless some basic problem involving the welfare of the child is involved.