THE PEOPLE OF THE STATE OF NEW YORK ex rel. BLANCHE SISSON, Appellant and Respondent, *v.* HOWARD SISSON, Respondent and Appellant.

(Argued April 16, 1936; decided May 26, 1936.)

*Frank W. Barnes* for relator, appellant and respondent.

*Charles B. Bechtold* for defendant, respondent and appellant.

*Per Curiam.* A Special Term, by its order sustaining a writ of habeas corpus, deprived the father of a ten-year old daughter of his right to control the child jointly with the mother and awarded exclusive guardianship, custody and control to the mother. The Appellate Division modified by returning the child to the joint guardianship, custody and control of both parents with the limitations that the father should not take the child from the town in which she resides without the consent of the mother nor from her home for a longer period than two hours at a time and

then only after personal notice to the mother of the purpose and the place of the proposed visit.

The family consists of the father, Howard Sisson, the mother, Blanche Sisson, and the daughter, Beverly. They live together at their home in Sherburne, N. Y. Except for the difficulty over the education to be given the child, the family life appears to be much above the average despite the illness which has afflicted the mother. The father, a graduate of Cornell University, has built up a prosperous produce business. The mother had suffered somewhat from arthritis before the marriage and afterward the condition became progressively worse. As the condition became acute the father spared no expense or trouble in attempting to effect a cure, sending her to the Mayo brothers in Rochester, Minn., and other like places. All to no avail. For the past six years the mother has been bedridden. The child, Beverly, is above the average, both physically and mentally.

Disagreement between the parents has arisen over the education of the child. In no way does it appear that the health or welfare of the child is in danger.

In proceedings for the custody of children the courts have reiterated that their sole point of view is the welfare of the child. The parents of this child are obviously interested only in her welfare. When they realize that for the good of the child it is necessary for them to repress to some extent the natural desire of each to have the child educated solely according to his or her point of view, the remaining sources of difficulty doubtless will disappear.

The court cannot regulate by its processes the internal affairs of the home. Dispute between parents when it does not involve anything immoral or harmful to the welfare of the child is beyond the reach of the law. The vast majority of matters concerning the upbringing of children must be left to the conscience, patience and self restraint of father and mother. No end of difficulties would arise should judges try to tell parents how to bring up their children. Only when moral, mental and physical con-

ditions are so bad as seriously to affect the health or morals of children should the courts be called upon to act.

The writ of habeas corpus must be dismissed.

The order of the Appellate Division and that of the Special Term should be reversed and the writ of habeas corpus dismissed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.