THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION F. McCABE, Respondent, against DESMOND S. SHIPLEY, Appellant.— In a habeas corpus proceeding brought against appellant by his wife to determine the custody of their two children, an order was entered upon consent on October 3, 1942. That order awarded custody of the children to appellant subject to certain conditions, one of which was that while the children remained with appellant he would at all times employ a governess to be selected by respondent. On February 18, 1944, upon respondent's motion, an order was entered confirming the report of the official referee and adjudging appellant in contempt for willfully disobeying the order entered October 3, 1942, for his failure to employ a governess selected by the respondent. On March 2, 1944, an order was entered denying appellant's motion to vacate an order entered June 17, 1943, adjudging him in contempt for willfully disobeying the order entered October 3, 1942, for his failure to hire a governess and because he interfered with respondent's efforts to secure a governess. The court by its processes may not regulate the internal affairs of the home, particularly in the absence of proof that the health or welfare of the children would be endangered if they remained in the custody of the father. (*People ex rel. Sisson* v. *Sisson*, 271 N. Y. 285.) The court being without power, even upon consent, to make the order entered October 3, 1942, the order entered February 18, 1944, confirming the report of an official referee and adjudging the appellant in contempt for failure to comply with it is reversed on the. law, without costs, and the motion is denied, without costs. The findings incorporated in the referee's report are reversed. The order entered March 2, 1944, denying appellant's motion to vacate an order entered June 17, 1943, also adjudging appellant in contempt for failure to comply with the order of October 3, 1942, is reversed on the law, without costs, and the motion is granted, without costs. Close, **P. J.,** Hagarty, Johnston, Adel and Lewis, JJ., concur. [See *post*, p. 999.]