Jasen, J. (concurring).
Although I agree with the majority that the Appellate Division order should be affirmed, I would affirm on the ground that under the facts present in this case, Family Court was without power to direct the father to pay $250 per month in support of his daughter.
To view, as the majority does, that the issues in this case, arising under sections 413 and 423 of the Family Court Act, are *195 whether the daughter voluntarily abandoned the parent’s home, or whether the daughter’s conduct was “ involuntary ” because the father made unreasonable and capricious requests, would require the courts to decide in every instance whether a father’s conduct was unreasonable, arbitrary or capricious. It seems to me that this judicial intervention could lead to a perilous adventure upon which the courts of this State have been loath to embark.
It is basic to our law that the court cannot regulate, by its processes, the internal affairs of the home. As we said more than 30 years ago, “ [d]ispute [in the family] when it does not involve anything immoral or harmful to the welfare of the child is beyond the reach of the law. The vast majority of matters concerning the upbringing of children must be left to the conscience, patience and self restraint of father and mother. No end of difficulties would arise should judges try to tell parents how to bring up their children. ’ ’ (People ex rel. Sisson v. Sisson, 271 N. Y. 285, 287; see, also, Matter of Seiferth, 309 N. Y. 80; Matter of Jesmer v. Dundon, 29 N Y 2d 5, 9.)
Certainly, sections 413 and 423 of the Family Court Act do not change this long-standing policy of the law. Bather, it would seem reasonable and consistent with legislative intent that before a support order could be issued, there should be some showing that the ‘ ‘ moral, mental and physical conditions are so bad as seriously to affect the health or morals ’ ’ of the child. (People ex rel. Sisson v. Sisson, supra, at pp. 287-288.)
The health and welfare of a child would almost always, of course, be impaired by a parent’s unconditional termination of his support. But where a parent discontinues his support because his child is at odds with him, and at the same time he is amenable to resuming his support if the child will follow his instructions, which are not inherently harmful to the child’s welfare, surely it cannot be said that a child’s moral and temporal well-being would thereby be so aggrieved as to warrant judicial interference.
In my opinion, since in the instant case her father would resume his support of her if she complied with his requests, the daughter did not establish the requisite showing of grave harm to her health and welfare, and, hence, the Appellate Division *196 properly reversed the Family Court’s order of support and dismissed the petitioner’s petition.
Chief Judge Fuld and Judges Burke, Bebgan, Breitel and Gtbson concur with Judge Scilbppi ; Judge Jasen concurs in result in a separate opinion.
Order affirmed, without costs.