■ CAROLE GARVAR, Respondent, v JOHN FALTINGS, Appellant. JOHN FALTINGS, Appellant, v CAROLE GARVAR, Respondent.—In consolidated proceedings, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Nassau County, dated October 24, 1975, as, after a hearing, dismissed the appellant's petition seeking enforcement of a stipulation which was incorporated by reference, but not merged into, a judgment of divorce, which requires the respondent to exercise her best efforts to make the children of the marriage practice Catholicism. Order affirmed insofar as appealed from, without costs or disbursements. The primary concern of the court in this case is the welfare of the children (see *Matter of Paolella v Phillips,* 27 Misc 2d 763; *Finlay v Finlay,* 240 NY 429). A review of the record reveals that the Family Court properly exercised its discretion in denying judicial enforcement of the stipulation. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.

■ MARGARET HENDRICKSON, Respondent, v NELLIE CARTER, Respondent, and PHILIP GELFAND, as Administrator of the Estate of HYMAN AUSTER, Deceased, Appellant.—In a negligence action to recover damages for personal injuries, arising out of an intersectional two-car collision, defendant Gelfand, administrator of the estate of Hyman Auster, appeals from an interlocutory judgment of the Supreme Court, Queens County, entered March 24, 1976, which (1) is in favor of plaintiff and against him, upon the trial court's direction of a verdict at the close of the evidence, at a jury trial limited to the issue of liability only, and (2) is in favor of defendant Carter and against plaintiff, upon a jury verdict. Interlocutory judgment reversed, on the law and in the interests of justice, and new trial granted as to all parties and causes, with costs to abide the event. No fact findings have been reviewed. Conflicting testimony was presented as to whether the defendant Carter was speeding when the collision occurred. The Trial Judge directed a verdict against defendant Gelfand because of uncontroverted evidence that his intestate, Auster, who died of unrelated causes, passed a red light. In our opinion it was reversible error to direct a verdict against defendant Gelfand. Had the jury been allowed to determine whether Auster's or Carter's negligence was the proximate cause of the accident, it may have found Auster free of liability. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.