■ Mary Stevenot, Now Known as Mary A. Alpert, Appellant, v Robert Stevenot, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered December 3, 1982, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Yachnin, J.), dated September 8, 1986, as, after a hearing, granted the defendant husband's motion for a direction that the appellant raise the two infant issue of the marriage in the religious faith of the Congregational Church.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the motion is denied.

The dispute herein concerns the alleged breach by the custodial parent of an oral contract assertedly made before and reiterated during the marital relationship to raise the infant issue in the Congregational Church.

The record reveals that no writing evidences this asserted agreement and that no mention of the children's religious upbringing is set forth in the judgment of divorce, or a later judgment dated January 4, 1985, dealing with permanent custody. Although the appellant denies ever having made such an agreement, the hearing court found that such an oral agreement existed. This, however, does not resolve the dispute.

Absent agreement, the court will not interfere with the religious upbringing of children *(People ex rel. Sisson v Sisson,* 271 NY 285; *People ex rel. Portnoy v Strasser,* 303 NY 539). An oral agreement entered into prior to and during the marital relationship is not binding upon the custodial parent following judicial dissolution of the marriage if its terms have not been reduced to a writing or included in a stipulation of settlement, divorce judgment, or custody determination *(see, Schwarzman v Schwarzman,* 88 Misc 2d 866). Agreements between divorcing spouses with respect to the upbringing of the issue will be upheld by the courts when incorporated into separation agreements, court orders or signed stipulations *(see, Gluckstern v Gluckstern,* 4 NY2d 521; *Garvar v Faltings,* 54 AD2d 971; *Spring v Glawon,* 89 AD2d 980). In this case, the oral agree-

ment entered into prior to and reiterated during the marriage did not contemplate a postdivorce status and is, therefore, not binding on the parties *(Schwarzman v Schwarzman, supra)*. Since no such agreement exists, the custodial parent is the proper party to determine the children's religious training *(see, People ex rel. Sisson v Sisson, supra; Matter of Paolella v Phillips,* 27 Misc 2d 763). Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.