■ Steven De Arakie, Appellant, v Alexa De Arakie, Respondent.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered March 29, 1990, which, *inter alia,* awarded custody of the parties' two children to defendant, established visitation rights, and denied, without prejudice, plaintiff's motion for visitation travel costs, unanimously affirmed, without costs.

After numerous duplicative applications for custody and visitations, encompassing 67 days of hearings, the court rejected plaintiff's argument that defendant was not a fit custodial parent because she was raising the children in conservative Judaism rather than Orthodox Judaism.

Contrary to plaintiff's contentions, the record supports the court's finding that the best interests of the children were advanced by awarding sole custody to defendant, after weighing and balancing the various considerations relative to fitness of each parent *(Bliss v Ach,* 56 NY2d 995). Because there was no evidence of a writing by the parties, either in a separation agreement, stipulation or court order, the court properly did not interfere with the determination of the custodial parent regarding the religious upbringing of the children *(see, Stevenot v Stevenot,* 133 AD2d 820). The court also properly characterized defendant's self-help removal of the children for approximately seven weeks as the result of unusual circumstances, and found that this conduct was not determinative of the best interest of the children *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.