■ AUDREY JABRI, Respondent, v TAREK F. JABRI, Appellant. [598 NYS2d 739] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) a decision of the Supreme Court, Westchester County (DiFede, J.H.O.), dated January 17, 1989, and (2) so much of an order of the same court dated February 28, 1989, as (i) refused to reopen the matrimonial proceedings, (ii) adhered to its original determination as to custody and visitation, (iii) directed the defendant to pay the principal sum of $9,200 representing arrears in child support, and (iv) awarded the plaintiff $3,500 in counsel fees.

■ AUDREY JABRI, Appellant-Respondent, v TAREK F. JABRI, Respondent-Appellant. [598 NYS2d 535] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated October 8, 1987, as, inter alia, (1) directed that the parties' children be raised in the Islamic faith, but only to the extent that the children "shall be amenable thereto", (2) granted him visitation upon the condition that the "children are willing to attend visitation", (3) directed the payment of child support of $50 per week per child, and (4) equitably distributed the marital property. The plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as denied her request for counsel fees. By decision and order dated July 22, 1991, this Court held the appeal in abeyance and remitted the matter to the Supreme Court, Westchester County, to make more detailed factual findings and to set forth the

reasons for its determination with regard to the equitable distribution of the marital property and the award of child support in accordance with the provisions of Domestic Relations Law § 236 (B) (5) (g); (7) (a) *(see, Jabri v Jabri,* 175 AD2d 237).

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff, Audrey Jabri, and the defendant, Tarek Jabri, were married in 1965 and have four children presently ranging in age from 16 to 22. The defendant is a Syrian diplomat employed by the United Nations, and the plaintiff is a United States citizen employed by the IBM Corporation. The plaintiff is a non-practicing Protestant and the defendant is of the Islamic faith and wishes the children to be raised in that faith. This action for a divorce and ancillary relief was commenced based on alleged acts of cruel and inhuman treatment by the defendant against the plaintiff. Numerous acts of aggression and abuse toward the children were also pleaded.

Although it appears that the defendant may own various properties abroad that his children will be unable to inherit if they are deemed by the Syrian religious court to have renounced their Islamic heritage, we note that the defendant has failed to produce any written agreement between the parties regarding the religion in which the children were to be instructed. Agreements between divorcing spouses with respect to the religious upbringing of their children will be upheld by the courts only when incorporated into separation agreements, court orders, or signed stipulations *(see, Gluckstern v Gluckstern,* 4 NY2d 521; *Garvar v Faltings,* 54 AD2d 971; *Spring v Glawon,* 89 AD2d 980). In the absence of a written agreement, the custodial parent, in this case the plaintiff, may determine the religious training of the children *(see, Stevenot v Stevenot,* 133 AD2d 820). In any event, the trial court at bar merely permitted the parties' teenaged children to have a voice in deciding their future by directing that they be raised in the Islamic religion to the extent that they are "amenable thereto".

Turning to the issue of visitation, we note that the Supreme Court, based upon psychiatric testimony which indicated that the defendant was, at times, an abusive parent, and that two of the children were suffering from depression as a result of their troubled relationship with him, conditioned visitation upon the children's willingness to see the defendant. However,

we have recognized that the stated desires of the children with respect to visitation are not determinative *(see, Matter of Hughes v Weigman,* 150 AD2d 449; *Matter of Eric L. v Dorothy L.,* 130 AD2d 660, 661). We nevertheless decline to disturb the visitation order at this time, considering the fact that the youngest of the children is now 16 years old, and in view of the psychiatric testimony which indicates that compulsory visitation would not be in their best interests. Moreover, since 3 of the parties' 4 children are now over the age of 18, they are no longer subject to an order directing visitation *(see, Matter of Eric L. v Dorothy L., supra).*

Upon remittitur, the Supreme Court considered the statutory criteria of the parties in making its equitable distribution award and child support award. The Supreme Court found that a Chemical Bank account worth approximately $200,000 constituted marital property. We agree with this finding and conclude that this account, which the defendant depleted in an attempt to resolve claims to title to foreign properties, was not tantamount to wasteful dissipation *(see,* Domestic Relations Law § 236 [B] [5] [g]; [7] [a]).

Pursuant to Domestic Relations Law § 237, a court may award counsel fees to a party. The amount to be awarded, if any, is within the discretion of the trial court, having regard to the circumstances of the case and of the respective parties. In the instant case, the court clearly ascertained that both parties were gainfully employed and that each was able to pay his and her own counsel fees. In light of this determination, it was not an improvident exercise of discretion for the court to deny the plaintiff's counsel an award of counsel fees.

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.