■ In the Matter of GREGORY DE LUCA, Respondent, v LISA DE LUCA, Appellant. [609 NYS2d 80] —In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Nassau County (Feiden, J.), entered July 12, 1990, as, after a hearing, prohibited the children from attending services or meetings of the Jehovah's Witnesses and from participating in any of the practices thereof; directed that no restrictions are to be placed on the children's ability to participate in birthday parties, Halloween activities, Thanksgiving activities, or Christmas activities; directed that all medical decisions concerning treatment for the children are to be made jointly by her, the father, and the children's maternal and paternal grandparents; and granted extended, unsupervised visitation to the father.

Ordered that the order is modified, on the law, (1) by deleting the second and seventh decretal paragraphs thereof, and (2) by deleting from the third decretal paragraph the words "regardless of whether such activities are" and "or extended paternal family, or extended maternal family, at school, or with friends or any other individuals"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1987, custody of the parties' two children—a boy named Bradley born on May 9, 1984, and a girl named Angela born on May 17, 1985—was granted to the mother, with visitation to the father. The family was Roman Catholic, and the children were baptized in the Roman Catholic Church. Sometime in 1986, the mother became interested in the Jehovah's Witnesses, and she began attending their meetings in the fall of

1988. In December 1988, the father petitioned for custody of the children. He was concerned that the Jehovah's Witness religion would not allow his children to receive proper medical attention and that the religion's prohibition against celebrating birthdays and holidays, including Christmas and Halloween, would have an effect on the children. He also wished to be consulted and to participate in decisions regarding the children's medical and educational needs.

Whether the subject matter is religion, health care, or education, absent an agreement, the court will not interfere with the custodial parent's decisions regarding the children's upbringing *(see, People ex rel. Portnoy v Strasser,* 303 NY 539; *People ex rel. Sisson v Sisson,* 271 NY 285; *Stevenot v Stevenot,* 133 AD2d 820; *Parrinelli v Parrinelli,* 138 Misc 2d 49; *Matter of Paolella v Phillips,* 27 Misc 2d 763). Only when moral, mental, and physical conditions are so bad that they seriously affect the health or morals of the children should the court be called upon to act with respect to a disagreement between the parents over the internal arrangements of family life *(see, People ex rel. Sisson v Sisson,* 271 NY 285, *supra).* Upon searching the record, we find no evidence that the children are being harmed by their moral, mental, or physical conditions.

Finally, we note that the scheduled unsupervised visitation by the father poses no risk to the children and is not against their best interests *(see, Weiss v Weiss,* 52 NY2d 170; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). Moreover, the father should be permitted to expose the children to his religious beliefs and practices during his visitation periods *(see, Marjorie G. v Stephen G.,* 156 Misc 2d 198). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.