■ In the Matter of KATHERINE ARAIN, Respondent, v YASIN ARAIN, Appellant. [619 NYS2d 591] —In a proceeding pursuant to Family Court Act article 6, Yasin Arain appeals, as limited by his brief, from (1) an order of the Family Court, Suffolk County (Auperin, J.), entered November 9, 1992, which, after a hearing, denied his cross petition to award him physical custody of the parties' minor daughter, and continued the custody provisions contained in the parties' New Jersey divorce decree which awarded custody to the petitioner, and (2) an order of the same court, entered December 8, 1992,

which denied his motion to vacate the November 9, 1992, order.

Ordered that the order entered November 9, 1992, is affirmed, and it is further

Ordered that the appeal from the order entered December 8, 1992, is dismissed, and it is further,

Ordered that the respondent is awarded one bill of costs.

While courts will enforce a contractual agreement between spouses concerning the religious upbringing of a child *(see, Gluckstern v Gluckstern,* 4 NY2d 521; *Jabri v Jabri,* 193 AD2d 782; *Stevenot v Stevenot,* 133 AD2d 820; *Perlstein v Perlstein,* 76 AD2d 49, 51, 53; *Garvar v Faltings,* 54 AD2d 971), in this case, the Family Court properly dismissed the appellant's cross petition seeking a change of physical custody due to the absence of any evidence that the petitioner violated the provision of a stipulation which obligated her to "raise the child pursuant to the Muslim faith". In addition, the Family Court properly considered the testimony of the witnesses and the factors necessary to determine what was in the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 91; *Gray v Chambers,* 206 AD2d 619; *Matter of Lamb v Lamb,* 199 AD2d 972; *Johns v Johns,* 156 AD2d 777, 778). We find no basis for disturbing its determination *(see, Eschbach v Eschbach, supra,* at 173-174).

Finally, the appeal from the order entered December 8, 1992, which refused to entertain the appellant's motion to vacate the court's November 9, 1992, order on the basis of newly discovered evidence, should be dismissed as the order did not constitute a determination on the merits and the motion was made without notice to all parties *(see,* CPLR 5701 [a] [2] [iv]; [3]). While the appellant subsequently moved for the same relief on notice to all parties, he failed to appeal from the order which considered the merits of his motion which was entered by the Family Court, Suffolk County (Kent, J.) on April 16, 1993. Even if the issue raised in the motion were properly before us, we would find that it has no merit. Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.