■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [695 NYS2d 6] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 29, 1998, as amended by the subsequent order of the same court and Justice entered on reargument and renewal on or about June 8, 1998, which provided for detailed security provisions for the parties' now four-year-old daughter, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the order vacated.

Orders, same court and Justice, entered on or about November 13, 1998 and November 16, 1998, which, *inter alia,* directed defendant to provide the guardian ad litem's security expert

with pedigree information on her household employees in order to enable him to advise as to their suitability, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the orders vacated.

Despite the broad discretion accorded the courts by Domestic Relations Law § 240 (1) and the trial court's well-intentioned efforts to resolve the parties' dispute regarding the details of the security arrangements to be provided for their daughter, absent any allegation or evidence that the de facto custodial parent is unfit or, in this case, that the child's safety is in immediate peril, disputes between parents not involving anything harmful to the child's welfare are beyond the reach of the law (*see, People ex rel. Sisson v Sisson,* 271 NY 285). There also being no question that both parents are caring and deeply concerned for their daughter's safety and well being, we are confident that, inasmuch as they have previously agreed on the need for some form of security, they will be able to amicably resolve the details of her care without the intervention of the court. Without such a cooperative effort, the court would be placed in the unenviable role of ultimate arbiter of every fundamental child-rearing issue (*cf., Trapp v Trapp,* 136 AD2d 178). The matrimonial Parts of the Supreme Court should not be burdened by lengthty hearings on issues of this nature. Unfortunately, the court's direction that the parties resolve any future disputes regarding the child's security between themselves, with the aid of the guardian ad litem's securityexpert, came after an unnecessarily burdensome eight-day hearing, rather than at the outset of the dispute. Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.