■ Trinh Quoc Tran, Respondent, v Tau Minh Tran, Appellant. [716 NYS2d 5] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 30, 1999, which, in an action for divorce, granted plaintiff's motion for an order modifying the custody and visitation agreement dated June 8, 1999 to the extent of awarding plaintiff authority as to any decision with respect to whether the child should continue in therapy, granting the child a brief hiatus before starting with a new therapist, and requiring defendant to pay the fees of the law guardian for the instant application, unanimously affirmed, without costs.

Having determined that defendant violated the provision of the custody and visitation agreement with respect to the child's therapy by the manner in which defendant terminated the child's therapy approximately two weeks after voluntarily signing the agreement, the court properly exercised its discretion in modifying the agreement to award plaintiff the authority as to any decision with respect to whether the child should continue in therapy, in accordance with the recommendation of the law guardian (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89). Although defendant currently has sole custody of the child pursuant to the agreement, the court's decision to vest decision-making authority in the father with respect to the child's therapy is justified, in light of defendant's clear preference that the child not be in therapy at all; her demonstrated inability to work with a therapist unless the therapist supports her preference; her lack of reliability with respect to abiding by the terms

of the agreement; and the probability that she would interfere with the child's future therapy (*see, Matter of Frize v Frize*, 266 AD2d 753). Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.