■ In the Matter of CANDITA RAWLINS, Respondent, v ARTHUR WILLIAMS, Appellant. [815 NYS2d 606]—

■ In the Matter of E.S., Respondent, v P.D., Appellant. [815 NYS2d 607]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the father appeals from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), dated December 1, 2004, which, after a nonjury trial, awarded the grandmother visitation with the subject child.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof requiring the father to send the subject child for visitation with his grandmother on Passover, Rosh Hashanah, and/or Hanukkah in the event that the father does not celebrate these holidays, (2) adding a provision thereto that the child's uncle J.S. is not to be present when the child visits with his grandmother unless the father's consent is obtained in advance, and (3) adding a provision thereto that the grandmother is not permitted to take the child out of the State of New York unless the father's consent is obtained in advance; as so modified, the judgment is affirmed, without costs or disbursements.

The grandmother filed a visitation petition pursuant to Domestic Relations Law § 72, seeking visitation with her grandson. The grandmother lived with the child and his father for approximately five years, after the death of the child's mother. Following disputes, the father asked the grandmother to leave his home.

At trial, the father testified that at least initially, he arranged for the child to visit with the grandmother, but he limited those visits in his child's best interest. He also testified that he had come to completely oppose any visitation because, inter alia, the grandmother flouted his rules for the child and exposed the child to an uncle that the father believed to be dangerous. After an in camera interview with the child, and upon the recommendation of the Law Guardian, the Supreme Court granted the grandmother unsupervised visitation. We modify.

Contrary to the father's contention, this Court has determined that New York State's grandparent visitation statute, Domestic Relations Law § 72, is not facially invalid under *Troxel v Granville* (530 US 57 [2000]) even though it does not specifically require that parental decisions are to be given "special weight" (*Matter of Hertz v Hertz*, 291 AD2d 91, 94-95 [2002]; *see also Matter of Morgan v Grzesik*, 287 AD2d 150, 156 [2001]). Our visitation statute, narrowly drafted to only afford a grandparent standing to sue for visitation when a child's parent has died or

where "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72) and additionally requiring that after standing has been conferred, that the grandparent establish why visitation is in the child's best interest, necessarily gives the parent's decision presumptive weight.

Contrary to the father's second contention, the Supreme Court providently exercised its discretion in awarding visitation to the grandmother. The grandmother established that she shared an ongoing and affectionate relationship with the child (*see Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 182 [1991]; *Matter of Principato v Lombardi,* 19 AD3d 602 [2005]). Mere animosity between a parent and grandparent is not enough to deny visitation privileges to a grandparent (*see Matter of DiBerardino v DiBerardino,* 229 AD2d 539 [1996]; *Lo Presti v Lo Presti,* 40 NY2d 522, 526 [1976]).

We modify, however, the order of the Supreme Court (1) in deference to the father's wishes as to where the child celebrates religious holidays (*see Spring v Glawon,* 89 AD2d 980, 981 [1982]; *Stevenot v Stevenot,* 133 AD2d 820 [1987]; *Barran v Nayyar,* 174 AD2d 1012 [1991]; *De Beer v De Beer,* 162 AD2d 165 [1990]), (2) in deference to the father's wish that the child's uncle J.S. not be present when the child is visiting with the grandmother (*see Troxel v Granville, supra* at 65-66 [absent a finding of parental unfitness, a parent has a liberty interest in decisions involving the care, custody, and control of that parent's child]), and (3) in deference to the father's wish that the child not be taken out of the State of New York without the father's permission (*see Troxel v Granville, supra*).

The father's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur. [*See* 6 Misc 3d 1030(A), 2004 NY Slip Op 51846(U) (2004).]