■ In the Matter of Rokhaya Cisse, Appellant, v Christo-pher Graham, Respondent. [929 NYS2d 628]—

The mother, who is Muslim, and the father, who is Roman Catholic, have one child together, a daughter born on March 24, 2001. In an order dated June 30, 2004 (hereinafter the custody order), the Family Court awarded custody of the subject child to the mother and visitation to the father, with such visitation to occur pursuant to a stipulation signed by the parties. In a separate order, also dated June 30, 2004, made pursuant to the aforementioned stipulation, the Family Court provided, among other things, that the child was "to be exposed to the Catholic traditions and Muslim traditions." In an order dated August 31, 2005, the parties stipulated to the father having additional visitation time in 2005.

Subsequently, the mother filed a petition, in effect, to modify the visitation provisions of the aforementioned orders and the father filed a petition to modify the custody order by awarding him custody of the child. During the pendency of those proceedings, the Family Court issued an order dated August 7, 2009, which modified the June 30, 2004, order made upon the parties' stipulation by directing that "either or both parents may enroll the child in religious instruction in their faith."

When the parties appeared before the Family Court on March 15, 2010, for a continued hearing on the petitions, the father, through counsel, requested a temporary change in the visitation schedule to allow the child, in May 2010, to attend rehearsal for her first communion, the ceremony for her first communion at the father's Roman Catholic church, and any associated celebrations. Despite the mother's objection, in an order dated March 18, 2010, the Family Court granted the father's application. The mother appeals.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). "In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate conse-

quence of the judgment" (*id.* at 714; *see Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811 [2008]).

Contrary to the opinion of our dissenting colleague, the rights of the parties will not be directly affected by a determination of this appeal because the events associated with the temporary modification of the father's visitation schedule have already occurred, as conceded by the mother in her brief. Accordingly, the appeal is moot and may not properly be decided by this Court unless the exception to the mootness doctrine applies (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714; *Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation*, 76 AD3d 975, 977 [2010]). The exception to the mootness doctrine occurs where the controversy or issue involved is "likely to recur, typically evades review, and raises a substantial and novel question" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003], *cert denied* 540 US 1017 [2003]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715). Here, no exception to the mootness doctrine is argued or present (*see Matter of Campo Bros. v Town of Brookhaven*, 56 AD3d 468, 469 [2008]), and "the courts are prohibited from rendering purely advisory opinions absent an exception to the mootness doctrine" (*People ex rel. Crow v Warden, Anna M. Kross Detention Ctr.*, 76 AD3d 646 [2010]; *see Matter of Paraskevopoulos v Stavropoulos*, 65 AD3d 1153, 1154 [2009]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d at 811). Accordingly, we dismiss the appeal as academic. Covello, J.P., Angiolillo and Dickerson, JJ., concur.

Hall, J., dissents and votes to decide the appeal on the merits, reverse the order insofar as appealed from, and deny the father's application to modify the visitation schedule contained in the order dated June 30, 2004, with the following memorandum: I respectfully dissent from the conclusion reached by the majority because, in my view, the issue raised on this appeal is not academic.

It is well-settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Considering the particular circumstances of this case, I believe that a determination of this Court would directly affect the rights of the parties (*see Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.]*, 27 AD3d 990, 991-992 [2006]). The central dispute between the parties is the religious upbringing of the child. The order dated March 18, 2010, which permitted the child to attend the communion rehearsal, communion ceremony, and any associated

celebrations, in effect, allowed the child to participate in a sacrament of the Roman Catholic religion without the mother's consent. Even though the child's First Communion has already occurred, a determination of this Court will affect the rights of the parties by setting a standard for the type of conduct that goes beyond merely exposing the child to either the Roman Catholic or Muslim traditions, or merely enrolling the child in religious instruction. I also note that, since the father has substantial visitation with the child, there is a "likelihood of repetition" with respect to this issue (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714).

As to the merits of the appeal, I find that the Family Court went beyond merely enforcing the parties' agreement and the order dated August 7, 2009, and, instead, impermissibly interfered with the mother's rights as the custodial parent (*see People ex rel. Sisson v Sisson*, 271 NY 285 [1936]; *Matter of De Luca v De Luca*, 202 AD2d 580, 581 [1994]; *Stevenot v Stevenot*, 133 AD2d 820 [1987]; *cf. Matter of Arain v Arain*, 209 AD2d 406 [1994]). Bringing the child to rehearsal for her First Communion, and having the child participate in her First Communion, went beyond mere exposure to Roman Catholic traditions. Participating in the sacrament of Communion also went beyond religious instruction. Pursuant to the June 30, 2004, and August 7, 2009, orders, the parties are permitted to expose the child to the Roman Catholic and Muslim traditions, and to enroll the child in religious instruction in their respective faiths. These orders do not give the father the unilateral authority to have the child participate in a sacrament of the Roman Catholic religion. Therefore, the Family Court erred in modifying the father's visitation schedule, in effect, to allow the child to receive her First Communion. Accordingly, I vote to decide the appeal on the merits, reverse the order insofar as appealed from, and deny the father's application.