In a proceeding pursuant to Mental Hygiene Law § 9.35 for a rehearing and review of a retention order of the Supreme Court, Richmond County (Collini, J.), dated October 9, 2012, committing the appellant to the South Beach Psychiatric Center for a period not to exceed six months, the appeal is from an order of the same court (McMahon, J.), dated December 13, 2012, which, upon a finding, made after a jury trial, that the appellant suffered from a mental illness and was in need of continued care and treatment, in effect, directed that the retention order remain in full force and effect.
Ordered that the appeal is dismissed as academic, without costs or disbursements.
On October 9, 2012, the Supreme Court issued a retention order authorizing the retention of the appellant at the South Beach Psychiatric Center for a period not to exceed six months. Thereafter, the appellant petitioned pursuant to Mental Hygiene Law § 9.35 for a rehearing and review of the order of retention. The jury found that the appellant was in need of continued care and treatment based on mental illness. In an order dated December 13, 2012, the Supreme Court, in effect, directed that the order of retention remain in full force and effect.
“Under the mootness doctrine, courts are precluded from considering questions which, ‘although once live, have become moot by passage of time or change in circumstances’ when the rights of the parties with respect to the controversy will no longer be ‘directly affected by the determination of the appeal’ ” (Matter of Field v Stamile, 85 AD3d 1164, 1164-1165 [2011], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). “However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable” (Matter of Gail R. [Barron], 67 AD3d 808, 810 [2009]). “The exception to the mootness doctrine occurs where the controversy or issue involved is ‘likely to recur, typically evades review, and raises a substantial and novel question’ ” (Matter of Cisse v Graham, 87 AD3d 1008, 1010 [2011], quoting Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]).
*676 Here, more than six months have lapsed since the issuance of the order of retention dated October 9, 2012, and, thus, the appeal from the order dated December 13, 2012, which, in effect, directed that the order of retention remain in full force and effect, was rendered moot. Contrary to the appellant’s contentions, this matter does not warrant the invocation of the exception to the mootness doctrine, since the issue involved is not novel and will not typically evade appellate review (see Matter of Yuri M. [Karpati], 107 AD3d 999 [2013]).
Accordingly, the appeal must be dismissed as academic. Dickerson, J.E, Chambers, Roman and Miller, JJ, concur.