In the Matter of GUILLERMO GRIBELUK, Respondent, v KELLY GRIBELUK, Appellant. [991 NYS2d 117]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Eisenpress, J.), entered April 23, 2013, which, after a hearing, denied her petition for custody of the parties' children, and granted the father's petition for custody of the parties' children, with certain visitation to her.

Ordered that the order is affirmed, with costs.

When making a decision in custody matters, the primary concern is the best interests of the child (*see* Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95 [1982]). Custody determinations depend to a great extent upon the court's assessment of the credibility of the witnesses, as well as the parties' character, temperament, and sincerity (*see Matter of Venette v Rhodes*, 301 AD2d 608 [2003]). These determinations are entitled to great deference and should not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Brass v Otero*, 40 AD3d 752 [2007]; *Matter of Shehata v Shehata*, 31 AD3d 773, 774 [2006]; *Kaplan v Kaplan*, 21 AD3d 993, 994 [2005]).

The courts may consider religion as one of the factors in determining the best interests of a child, but religion alone may not be the determinative factor (*see Matter of Gago v Acevedo*, 214 AD2d 565, 566 [1995]; *Aldous v Aldous*, 99 AD2d 197 [1984]). New York courts will consider religion in a custody dispute when a child has developed actual religious ties to a specific religion and those needs can be served better by one parent than the other (*see Aldous v Aldous*, 99 AD2d at 199; *Spring v Glawon*, 89 AD2d 980 [1982]).

Here, contrary to the mother's contentions, the Family Court

did not rely solely on religion and the mother's decision to leave the Hasidic Jewish community in making the determination to award the father custody of the parties' children. The Family Court expressly stated that it passed no judgment on either parent's religious beliefs and practices. The children's need for stability, and the potential impact of uprooting them from the only lifestyle which they have known, are important factors in making a custody determination (*see Matter of Larkin v White*, 64 AD3d 707, 709 [2009]).

The Family Court also found the mother's repeated allegations of sexual abuse of the children by the father to be unfounded, which subjected the children to numerous interviews and examinations, casting doubt upon her fitness to be the custodial parent (*see Young v Young*, 212 AD2d 114, 121 [1995]; *see also Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011]).

Although the children expressed a preference to reside with the mother, and the attorney for the children advocated awarding custody to the mother, the children's preference and the recommendation of the attorney for the children are not determinative and do not usurp the judgment of the Family Court (*see Dintruff v McGreevy*, 34 NY2d 887, 888 [1974]; *Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]).

Considering the totality of the circumstances, there was a sound and substantial basis in the record for the Family Court's determination that it was in the best interests of the children to award custody to the father, with certain visitation to the mother. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.