■ In the Matter of MARK SPENCER THOMAS, Appellant, v DANIELE GINA TRETOLA, Respondent. JANESSA N.M.F., Also Known as JANESSA T., Nonparty Appellant. (Proceeding No. 1.) In the Matter of DANIELE GINA TRETOLA, Respondent, v MARK SPENCER THOMAS, Appellant. JANESSA N.M.F., Also Known as JANESSA T., Nonparty Appellant. (Proceeding No. 2.) [24 NYS3d 160]—

Appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered May 1, 2014. The order, after a hearing, granted the mother's petition to relocate with the subject child to Florida and denied the father's petition for custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The parties are the parents of the subject child, who was born in December 2006. In 2012, the parties stipulated to joint legal custody, with the mother having physical custody. In May 2013, the mother left the child with the paternal grandmother and traveled to Florida, wherein she later decided to relocate. The father filed a petition for custody of the child. The mother then filed a petition seeking to relocate with the child to Florida. Following a hearing, the Family Court denied the father's petition and granted the mother's petition, allowing the child to relocate to Florida. The father and the child separately appeal.

A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that

the proposed move would be in the child's best interests (*see Matter of Caruso v Cruz*, 114 AD3d 769 [2014]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]; *Matter of Hirtz v Hirtz*, 108 AD3d 712, 713 [2013]). In determining whether relocation is appropriate, the court must consider a number of factors, which include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*id.* at 741).

Applying the foregoing herein, the record contains a sound and substantial basis for the Family Court's determination that the mother's relocation with the child to Florida would be in the child's best interests. It is undisputed that the mother has been the child's primary caregiver throughout most of the child's life, and that the father has, until recently, been minimally involved in the child's life. Additionally, under the totality of the circumstances, the court properly determined that the best interests of the child would be served by maintaining joint legal custody and awarding the mother physical custody of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171, 174 [1982]). Accordingly, the Family Court's determination will not be disturbed (*see Matter of Davis v Ogden*, 109 AD3d 539 [2013]). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.