Kesavan v Kesavan (2018 NY Slip Op 04088)





Kesavan v Kesavan


2018 NY Slip Op 04088


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Singh, JJ.


6802 307850/15

[*1]Srikumar Kesavan, Plaintiff-Respondent,
v
Margaret Ebert Kesavan, Defendant-Appellant.


Marzano Lawyers, PLLC, New York (Naved Amed of counsel), for appellant.
Buchanan Ingersoll & Rooney PC, New York (Daniel Z. Rivlin of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered March 17, 2017, which, after a trial, denied defendant's motion to implement the parenting coordinator's recommendation that each party be free to feed the subject child as he or she chooses during his or her parenting time, to amend the parties' parenting agreement to give defendant final decision-making authority with respect to the child, and for an award of counsel fees, and ordered that neither party shall feed or permit any other person to feed fish, meat or poultry to the child without the other party's consent, unanimously modified, on the law and the facts, to grant defendant's motion as to implementing the parenting coordinator's recommendation, and to vacate the portion of the order that prohibits either party from feeding or permitting any other person to feed the child fish, meat, or poultry without the other's consent, and otherwise affirmed, without costs.
In their parenting agreement, the parties, who were represented by counsel, agreed to jointly determine all major matters with respect to the child, including "religious choices." However, the 24-page agreement does not otherwise mention the child's religious upbringing and makes no reference at all to dietary requirements. Although the parenting coordinator found that the child's diet was a day-to-day choice within the discretion of each party, the trial court explicitly determined that the child's diet was a religious choice, and dictated the child's diet by effectively prohibiting the parties from feeding her meat, poultry or fish. This was an abuse of discretion (see De Arakie v De Arakie, 172 AD2d 398, 399 [1st Dept 1991]). To the extent defendant promised plaintiff, in contemplation of marriage, that she would raise any children they had as vegetarians, the promise is not binding (Stevenot v Stevenot, 133 AD2d 820 [2d Dept 1987]), particularly in view of the parenting agreement, which omits any such understanding. Nor is there support in the record for a finding that a vegetarian diet is in the child's best interests.
Defendant's argument that she should have been granted final decision-making authority with respect to the child was improperly raised for the first time in her reply brief. In any event, the record does not support her contention that the totality of the circumstance warrants modification in the child's best interests (see Gant v Higgins, 203 AD2d 23 [1st Dept 1994]).
The court properly denied defendant's request for counsel fees based on plaintiff's litigation conduct (see Wells v Serman, 92 AD3d 555, 555 [1st Dept 2012] [an award of counsel fees "merely to punish a party" is inappropriate]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK