■ GERRIT DE BEER, Appellant, v SHIRLEY DE BEER, Also Known as SHIRLEY GILBREATH, Respondent.—Judgment of the Supreme Court, New York County (Elliott Wilk, J.), entered on or about February 8, 1989, which, *inter alia,* directed an award of $100 per week to be paid by the plaintiff for the support of the parties' child, directed that plaintiff pay for the child's medical insurance, directed that the plaintiff pay one half of the marital debt of $10,000, plus $30 per week until child support arrears have been satisfied, and made certain directions regarding visitation, is affirmed, without costs.

The parties were married in 1977 and had a child in 1980. They have been separated since 1983. At the time of trial, the plaintiff, unable to find work in his chosen profession of acting, was employed as a backstage doorman with a take-home pay of $278 per week. The defendant at the time of trial was taking home approximately $300 per week. The court found that the plaintiff's gross annual salary was $1,000 more than that of the defendant, whereas it appears that the converse was apparently true, but we find this computational error to be relatively insignificant with respect to the monetary provisions of the judgment. There was sufficient evidence in the record to support the trial court's conclusion that there was at least $10,000 in joint debt owed by the parties, as to which plaintiff was directed to pay an equitable share of 50%.

With regard to the direction that plaintiff pay $30 per week until his arrears of $1,010 is settled, the defendant was entitled to rely upon the expectation of receiving those funds when she incurred expenses to support their child, and we find no reason why the plaintiff should not pay the arrears at the modest rate directed. Nor do we find any basis in the record for interfering with the court's directions regarding visitation, or interfering with the child's religious education, which is appropriately left in the hands of the custodial parent absent compelling circumstances, which are not here presented.

Finally, we find no basis for vacating or modifying the directions in the judgment that the plaintiff pay child support

in the amount of $100 per week, and health insurance for the child, which will cost approximately $40 per week. Our dissenting colleagues agree that these sums are modest and not unreasonable. We recognize that in light of the plaintiff's living expenses and limited income, he may find it temporarily difficult to satisfy these obligations, but the defendant will encounter similar difficulty in providing adequately for the basic needs of the child, considering her own living expenses and limited income. The strain on the plaintiff's budget will, in any event, be considerably diminished once the arrears and marital debt payments are satisfied. Concur—Murphy, P. J., Rosenberger and Smith, JJ.

Carro and Kassal, JJ., dissent in part in a memorandum by Kassal, J., as follows: I am in full agreement with the majority on the issues of visitation and religious instruction. I would also leave undisturbed the court's directive that plaintiff husband pay an additional $30 per week until child support arrears have been satisfied, as well as one half of the marital debt of approximately $10,000. However, I am troubled by certain other aspects of the financial burden placed upon the plaintiff husband who, unable to obtain work in his profession of acting, is employed as a backstage doorman with a net pay of $278 per week.

In addition to the aforenoted sums, the judgment set the amount of child support at $100 per week and, further, ordered that plaintiff provide health insurance for the child, which will cost approximately $40 per week. While these modest sums are not in and of themselves unreasonable, the evidence of plaintiff's low income, and his own living expenses, dictates that he be accorded some relief, particularly when considered in conjunction with the arrears and marital debt payments.

For these reasons, I would modify the judgment to the extent of vacating the directive that plaintiff exclusively provide health insurance and direct that he pay $25 per week for that specific purpose, and to reduce child support to the sum of $50 per week. In light of the trial court's finding that defendant wife's net pay is $15,000 to $16,000 per year, or slightly higher than that of plaintiff, this modification would more equitably allocate the child's expenses between the parties. (See, Matter of Carter v Carter, 58 AD2d 438; Tessler v Siegel, 59 AD2d 846; Domestic Relations Law § 236 [B] [7] [a] [1]; § 240 [1].)