■ In the Matter of SHARON WADE, Respondent, v SHERMAN PEGUES, Appellant. [745 NYS2d 63] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Lim, J.), dated June 11, 2001, which denied his objections to an order of the same court (Fasone, H.E.), dated March 14, 2001, which, inter alia, directed him to pay a biweekly total of $224.35 in child support and child care expenses.

Ordered that the order dated June 11, 2001, is reversed, on the law and as a matter of discretion, without costs or disbursements, the objections are sustained, the order dated March 14, 2001, is vacated, and the matter is remitted to the Family Court, Kings County, for a recalculation of the father's support obligations; and it is further,

Ordered that until a new order is made, the father shall continue to make biweekly child support payments of $106.35.

The court found that the father's adjusted gross income was approximately $17,000 per year and ordered him to pay $106.35 biweekly for basic child support of the parties' child. The court also ordered the father to pay an additional $118 biweekly as his proportionate share of future reasonable child care expenses, thereby making a total biweekly obligation of $224.35. The father is also obligated to pay $200 per month in child support for another child by a different mother, and he pays approximately $1,200 in annual medical insurance premiums to provide coverage for himself and the subject child.

Based upon these figures, it appears that the total amount of support and child care expenses which the father was directed to pay will reduce his income to a level where he will be unable to provide for himself. Accordingly, the amount of support and child care expenses imposed is unjust and inappropriate (*see* Family Ct Act § 413 [1] [f], [g]; *see generally Matter of Cary v Megerell,* 219 AD2d 334; *cf. Matter of Simmons v Williams,* 255 AD2d 446). Accordingly, the matter is remitted to the Family Court, Kings County, for a recalculation of the father's support obligations. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.