In the Matter of ANN MCGRANE, Respondent, v YI MICHAEL XIA, Appellant. [751 NYS2d 751] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Eisman, J.), dated November 28, 2001, (2) an amended order of the same court, dated January 3, 2002, which, inter alia, upon sustaining the mother's objections to an order of the same court (Dwyer, H.E.), dated August 17, 2001, which, upon his default in appearing for a hearing, fixed his child support obligation at $3,082 per month, increased that award to $11,000 per month, and (3) an order of the same court, dated May 16, 2002, which denied his motion, in effect, to vacate the amended order.

Ordered that the appeal from the order dated November 28, 2001, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated January 3, 2002; and it is further,

Ordered that the appeal from the amended order dated January 3, 2002, is dismissed, without costs or disbursements, as no appeal lies from an order entered on the default of the appealing party (see CPLR 5511); and it is further,

Ordered that the order dated May 16, 2002, is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, the order dated November 28, 2001, and the amended order dated January 3, 2002, are vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the merits of the petition; and it is further,

Ordered that pending the determination of the mother's petition, the father shall pay monthly support of $3,082 in accordance with the order dated August 17, 2001.

We agree with the father's contentions that he demonstrated both a reasonable excuse for his default and the merits of his defense to the mother's claims for child support in the sums demanded. The father was present in the United States for the scheduled support hearing, but adjournments delayed the proceeding, and family obligations compelled his return to China. Thus, the hearing was conducted in his absence.

Furthermore, while the father contests neither his paternity nor his obligation to support his son, he established that the support of $11,000 per month awarded by the Family Court exceeds his financial abilities (*see Matter of Wade v Pegues,* 296 AD2d 417). While the record supports the mother's claims of generous past support payments and an opulent lifestyle, the father alleges that these payments were actually supplied by the subject child's paternal grandfather in China and the record fails to sufficiently document the father's current financial circumstances.

The father's remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.