Matter of Monroe County Dept. of Social Servs. v McBrown (2004 NY Slip Op 50653(U))

[*1]

Matter of Monroe County Dept. of Social Servs. v McBrown

2004 NY Slip Op 50653(U)

Decided on April 22, 2004

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2004

Family Court, Monroe County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act Monroe County Department of Social Services, o/b/o Lisa Britt), Petitioner,
against
WILLIE McBROWN, Respondent.
F11679-03

(Lisa Britt of counsel), Elizabeth T. Taffe, Monroe County Attorney (hearing and objection), for petitioner. Willie McBrown, respondent pro se. (hearing only)

Marilyn L. O'connor, J.
The County Attorney's Office has filed an objection to the Findings of Fact and Conclusions of Law and Order from the January 21, 2004 hearing, signed February 11, 2004. The petitioning Department of Social Services (n/k/a the Department of Health and Human Services) seeks an order awarding child support of $86 per week, based on $96 per week being the presumptively correct amount of child support (according to respondent's 2002 income) and giving a credit of $10 for the cost to respondent of adding the two children at issue to his medical insurance coverage. The Support Magistrate awarded $60 per week and required the respondent to enroll the children on his medical insurance plan at the cost osf approximately $10 per week. No other objection was filed. No rebuttal was filed.
The court has reviewed the objection, pleadings, the tape recorded hearing, the file, the order, and the prior proceedings between the parties, and finds that the objection has merit. Both parties were at the hearing. The County Attorney's Office argues that the Support Magistrate should not have found the presumptively correct amount of child support for two children, i.e., $96 per week, to be unjust and inappropriate because it would "unduly impact his capacity to support himself by meeting his regular expenses". While the County argues that the basic child support amount is $96 per week, using the respondent's 2002 known income, the Support Magistrate found the presumptively correct amount of child support would be $91 per week, using the respondent's 2003 income as extrapolated from a November 1, 2003 pay stub. Since [*2]the hearing was held in January 2004, the presumptively correct child support should be based on the 2003 income, and this court will use that year's income. The adjusted gross income for 2003 was thus $18,852, as correctly calculated by the Support Magistrate, and $91 per week is the presumptively correct child support amount for two children.
The Support Magistrate was willing to give the respondent credit for one-half of the cost of adding the children to his health insurance, or $5, making the presumptively correct amount of child support $86 per week. While the Department started with the higher value of $96 per week for presumptively correct child support due to use of the respondent's 2002 known income, it was willing to give the respondent the entire $10 credit for the cost of medical insurance. Thus, both the Department and the Support Magistrate agree that the presumptively correct amount of basic child support was $86 per week, and that the respondent should add the children to his health insurance.
This court concludes that the $86 per week sought for basic child support should be granted and the objection granted. While the Support Magistrate appears to be correct in concluding that this amount will make it difficult for the respondent to meet his modest regular expenses, the child support statute has built into it provisions for varying from the presumptively correct amount when the payor's income is modest. The statute, titled "Parents' duty to support child", expressly provides:
(d) Notwithstanding the provisions of paragraph (c) of this subdivision, where the annual amount of the basic child support obligation would reduce the non-custodial parent's income below the poverty income guidelines amount for a single person as reported by the federal department of health and human services, the basic child support obligation shall be twenty-five dollars per month or the difference between the non-custodial parent's income and the self-support reserve, whichever is greater. Notwithstanding the provisions of paragraph (c) of this subdivision, where the annual amount of the basic child support obligation would reduce the non-custodial parent's income below the self-support reserve but not below the poverty income guidelines amount for a single person as reported by the federal department of health and human services, the basic child support obligation shall be fifty dollars per month or the difference between the non-custodial parent's income and the self-support reserve, whichever is greater.
The basic child support amount of $91 per week is $4732 per year for the two children. This would reduce the respondent's $18,852 adjusted gross income to $ 14,211. The current self-support reserve is $12,569 and the poverty income guideline for a single person is $9310. Thus, this statutory provision designed to provide relief to the poor does not come into play. (Cf. Wade v Pegues, 296 AD2d 417; see Gallet & Finn, Spouse and Child Support in New York, 2004 ed., § 7:10.1.) Nor do any of the express variance factors apply. (FCA §413[1][f]). Therefore, the Support Magistrate should not have given the father a variance to $60 per week plus the $10 per week for insurance, for $70 per week total child support. As stated in De Beer v De Beer (162 A.D.2d 165), where the First Department refused to reduce a financial order the father found onerous,
We recognize that in light of the plaintiff's [father's] living expenses and limited income, he may find it temporarily difficult to satisfy these obligations, but the defendant [mother] will encounter similar difficulty in providing adequately for the basic needs of the child, considering her own living expenses and limited income.
[*3]
That is the situation we have here. There does not appear to be enough money to go around based on the current incomes of the two parents, but the father does not appear to have circumstances which justify a variance from the presumptively correct amount of child support.
Therefore, as requested by the Department and previously ordered by the Support Magistrate, the father will be required to add the two children to his current health insurance (at a current cost of approximately $10 per week). The respondent will get a $5 credit against basic child support for this action. However, basic child support will be set at $86 per week ($91 per week - $5 per week credit for insurance).
NOW THEREFORE, it is
ORDERED that the objection filed by the Petitioner/ Department of Human and Health Services (f/k/a the Department of Social Services) is granted; and it is further
ORDERED that the basic child support for the two children is set at $86 per week, effective March 5, 2004 and retroactive to April 9, 2003, and it is further
ORDERED that the above ordering paragraph establishing basic child support in the amount of $86 per week shall replace and supercede the first ordering paragraph of the Support Magistrates order signed February 11, 2004 and all other ordering provisions of said order are hereby confirmed.
Signed April 22, 2004 at Rochester, New York.
E N T E R : 
 HON. MARILYN L. O'CONNOR
 FAMILY COURT JUDGE