[907 NE2d 696, 879 NYS2d 818]

Jesus Fuentes, as Parent of a Disabled Child, Appellant, v Board of Education of the City of New York et al., Respondents.

Argued March 24, 2009; decided April 30, 2009

**POINTS OF COUNSEL**

*Lansner & Kubitschek*, New York City (*David J. Lansner* and *Jill M. Zuccardy* of counsel), *Advocates for Children of New York, Inc.* (*Shawn V. Morehead* and *Rebecca C. Shore* of counsel), and *Dewey & LeBoeuf LLP* (*Lawrence W. Pollack* and *Lisa A. Keenan* of counsel) for appellant. I. The Domestic Relations Law recognizes that a noncustodial parent retains the right to participate in decisions pertaining to his or her child's education. (*Matter of Corey L v Martin L,* 45 NY2d 383; *People ex rel. Kropp v Shepsky,* 305 NY 465; *Meyer v Nebraska,* 262 US 390; *Matter of Roe v Doe,* 29 NY2d 188; *Matter of J. Children,* 57 AD2d 568, 42 NY2d 804; *Matter of Maureen G.,* 103 Misc 2d 109; *Matter of Kenneth V.,* 307 AD2d 767; *Matter of Bock [Breitung],* 280 NY 349; *People ex rel. Sisson v Sisson,* 271 NY 285; *Weiss v Weiss,* 52 NY2d 170.) II. The Education Law extends rights to parents without regard to custodial status. (*Brown v Board of Education,* 347 US 483; *Matter of Page v Rotterdam-Mohonasen Cent. School Dist.,* 109 Misc 2d 1049; *Matter of Pawling Cent. School Dist. v New York State Educ. Dept.,* 3 AD3d 821.) III. New York law and policy, particularly in the context of special education, are furthered by recognizing the rights of noncustodial parents. (*Schaffer v Weast,* 546 US 49; *School Comm. of Burlington v Department of Ed. of Mass.,* 471 US 359; *People ex rel. Kropp v Shepsky,* 305 NY 465; *Friederwitzer v Friederwitzer,* 55 NY2d 89.)

Michael A. Cardozo, Corporation Counsel, New York City (*Scott Shorr* and *Barry P. Schwartz* of counsel), for respondents. I. Under New York common law, plaintiff lacked authority to make educational decisions for M.F. (*Braiman v Braiman,* 44 NY2d 584; *Matter of Tropea v Tropea,* 87 NY2d 727; *Wideman v Wideman,* 38 AD3d 1318; *Chamberlain v Chamberlain,* 24 AD3d 589; *Bliss v Ach,* 86 AD2d 575, 56 NY2d 995; *Weiss v Weiss,* 52 NY2d 170; *Matter of Fedash v Neilsen,* 211 AD2d 1003; *Matter of De Luca v De Luca,* 202 AD2d 580; *Parrinelli v Parrinelli,* 138 Misc 2d 49; *Mester v Mester,* 58 Misc 2d 790.) II. This Court should reject plaintiff's attempt to establish a presumption that noncustodial parents have implicit authority to participate in educational decision-making. (*Matter of Ring v Ring,* 15 AD3d 406; *Matter of Davis v Davis,* 240 AD2d 928; *Braiman v Braiman,* 44 NY2d 584; *Bliss v Ach,* 56 NY2d 995; *Voelker v Keptner,* 156 AD2d 1014, 76 NY2d 783; *Trapp v Trapp,* 136 AD2d 178; *Ting Yi Chu v Faye,* 293 AD2d 425; *Community Bd. 7 of Borough of Manhattan v Schaffer,* 84 NY2d 148; *Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662; *Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151.) III. Neither New York's Education Law nor New York's regulations implementing the Individuals with Disabilities Education Act create decision-making rights for noncustodial parents. (*People ex rel. Kropp v Shepsky,* 305 NY 465; *Matter of Tropea v Tropea,* 87 NY2d 727; *Matter of Page v Rotterdam-Mohonasen Cent. School Dist.,* 109 Misc 2d 1049; *Taylor v Vermont Dept. of Educ.,* 313 F3d 768.) IV. The presumption that custodial parents have exclusive authority to make educational decisions advances the main purpose of the Individuals with Disabilities Education Act. (*Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v Rowley,* 458 US 176; *Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 10 NY3d 474; *Taylor v Vermont Dept. of Educ.,* 313 F3d 768; *Navin v Park Ridge School Dist. 64,* 270 F3d 1147.)

## OPINION OF THE COURT

JONES, J.

In this certified question case, we are called upon to decide whether a noncustodial parent retains the right to make decisions regarding the child's education where the divorce decree and custody order are silent on this issue. The pertinent facts of this case are recited below.

Plaintiff Jesus Fuentes and his wife were divorced in 1996. Family Court entered an order granting the wife exclusive custody of the three children, including a son, M.F., who, due to a genetic disorder, was legally blind. M.F. attended public school in New York City and received special education services to accommodate his disability.

In 2000, plaintiff believed that M.F.'s special education services and accommodations were inadequate and requested a reevaluation. When the Committee on Special Education for the Hearing, Handicapped, and Visually Impaired responded that M.F's services were adequate, plaintiff requested a hearing from the Impartial Hearing Office of the New York City Board of Education to review that determination. In 2001, plaintiff's request for a hearing was denied based on his status as the noncustodial parent of M.F. The Office concluded that because plaintiff was not the "person in parental relation" (Education Law § 3212), he did not have the right to make educational decisions pertaining to M.F. and, consequently, did not have a right to request a hearing.

Plaintiff then commenced an action in the United States District Court for the Eastern District of New York alleging, among other things, that he was denied his right under the federal Individuals with Disabilities Education Act (IDEA) to a hearing to review the determinations of the Board of Education. After a dismissal, appeal, and remand on issues not pertinent to the certified question, the District Court dismissed plaintiff's case for lack of standing under the IDEA. On appeal, the United States Court of Appeals for the Second Circuit found that no precedent from this Court directly addressed the dispositive issue and certified the following question:

> "Whether, under New York law, the biological and non-custodial parent of a child retains the right to participate in decisions pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions" (*Fuentes v Board of Educ. of City of N.Y.*, 540 F3d 145, 153 [2d Cir 2008]).

The purpose of the IDEA is to provide "all children with disabilities" with a "free appropriate public education" (20 USC § 1400 [d] [1] [A]). Such an education must include "special

education and related services" designed to meet the particular needs of the child (20 USC § 1401 [9]). A qualifying child's educational needs "and the services required to meet those needs must be set forth at least annually in a written individualized education plan ('IEP')" (*M.C. ex rel. Mrs. C. v Voluntown Bd. of Educ.*, 226 F3d 60, 62 [2d Cir 2000]). A "parent" who is dissatisfied with an IEP "may file a complaint with the state or local educational agency," to be resolved through a due process hearing (*id.* at 62-63).

The Second Circuit previously discussed a noncustodial parent's rights under the IDEA in *Taylor v Vermont Dept. of Educ.* (313 F3d 768 [2d Cir 2002]). In *Taylor*, a noncustodial parent demanded a hearing under the IDEA even though her Vermont divorce decree expressly provided that the custodial parent was "allocate[d] all legal rights and physical rights regarding the choice of schooling for the child" (*id.* at 772). The court concluded that the federal statutory scheme required the courts to turn to state law "to establish which potential parent has authority to make special education decisions for the child" (*id.* at 779). Applying Vermont law, the court held that the noncustodial parent lacked standing to request a hearing under the IDEA because her "parental right to participate in her daughter's education has been revoked by a Vermont family court" (*id.* at 782).

This case presents an issue unanswered by *Taylor*—namely, whether a noncustodial parent has the right to initiate a hearing under the IDEA where the New York divorce decree and custody order grant exclusive custody to the custodial parent but are silent as to who has the authority to make decisions concerning the child's education. In *Weiss v Weiss* (52 NY2d 170 [1981]), a Judge of this Court first alluded to the principle that a custodial parent has the right, absent controlling contrary provisions in a separation agreement, to determine the child's secular and religious education programs (*id.* at 177 [Meyer, J., concurring]). It is now well settled in the Appellate Division that, absent specific provisions in a separation agreement, custody order, or divorce decree, the custodial parent has sole decision-making authority with respect to practically all aspects of the child's upbringing (*see e.g. Matter of Fedash v Neilsen*, 211 AD2d 1003 [3d Dept 1995]; *Matter of De Luca v De Luca*, 202 AD2d 580 [2d Dept 1994]; *De Beer v De Beer*, 162 AD2d 165 [1st Dept 1990]; *Stevenot v Stevenot*, 133 AD2d 820 [2d Dept 1987]; *Bliss v Ach*, 86 AD2d 575 [1st Dept 1982]).

In appropriate circumstances, courts routinely include specific provisions in custody orders addressing decision-making authority between the parents (*see e.g. Wideman v Wideman*, 38 AD3d 1318 [4th Dept 2007]; *Chamberlain v Chamberlain*, 24 AD3d 589 [2d Dept 2005]; *Matter of Davis v Davis*, 240 AD2d 928 [3d Dept 1997]). Plaintiff asks this Court to recognize an implied right of noncustodial parents to exercise decision-making authority with respect to their child's education notwithstanding the custody order's silence on this subject. We decline to do so and emphasize the importance of parties determining these issues at the time of separation or divorce.

Finally, we note the distinction between a noncustodial parent's right to "participate" in a child's education and the right to "control" educational decisions. Generally, there is nothing which prevents a noncustodial parent (even one without any decision-making authority) from requesting information about, keeping apprised of, or otherwise remaining interested in the child's educational progress. Such parental involvement is to be encouraged. However, unless the custody order expressly permits joint decision-making authority or designates particular authority with respect to the child's education, a noncustodial parent has no right to "control" such decisions. This authority properly belongs to the custodial parent. In light of our discussion, we see fit to reformulate the certified question to read as follows:

> "Whether, under New York law, the non-custodial parent of a child retains decision-making authority pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions."

Accordingly, as reformulated, the certified question should be answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Chief Judge LIPPMAN taking no part.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), and after hearing argument by counsel for the parties and

consideration of the briefs and the record submitted, certified question, as reformulated, answered in the negative.