06-4715-pr
Fuentes v. Board of Education of the City of New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2008

(Argued: January 29, 2008       Decided: June 15, 2009)

Docket No. 06-4715-pr

--------------------------------------------------------x

JESUS FUENTES, as a Parent of a Disabled Child,

Plaintiff-Appellant,

-- v. --

BOARD OF EDUCATION OF THE CITY OF NEW YORK, BARRY

MASTELLONE, Administrator of the HHVI of the Board of

Education of the City of New York, and DENISE

WASHINGTON, Chief Administrator of Impartial Hearing

Office of the Board of Education of the City of New

York,

Defendants-Appellees.

--------------------------------------------------------x

B e f o r e :  WALKER, CALABRESI, and RAGGI, Circuit Judges.

Plaintiff-Appellant Jesus Fuentes appealed from an order of the United States District Court for the Eastern District of New York (Frederic Block, Judge) dismissing his complaint on behalf of himself and his disabled son, pursuant to the Individuals with Disabilities Education Act, that challenged the adequacy of

special education services in his son's public school.  The district court dismissed Plaintiff's complaint on the basis that Plaintiff, as the non-custodial parent of the child, lacked standing to bring such an action.  We certified a question to the New York Court of Appeals.  Having received an answer from that court, we now AFFIRM the judgment of the district court.

LAWRENCE W. POLLACK, Dewey & LeBoeuf LLP (Lisa A. Keenan, Dewey & LeBoeuf LLP, Rebecca C. Shore and Miranda B. Johnson, Advocates for Children of New York, Inc., and David J. Lansner, Lansner Kubitschek Schaffer & Zuccardy, on the brief)  New York, NY, for Petitioner-Appellant.

SCOTT SHORR, Senior Counsel, for Michael A. Cardozo, Corporation Counsel, City of New York Law Department, New York, NY, for Respondents-Appellees.

PER CURIAM:

The facts of this case are set forth in detail in our earlier opinion in this case.  See Fuentes v. Bd. of Educ. of City of N.Y., 540 F.3d 145, 146-48 (2d Cir. 2008).  In relevant part, Jesus Fuentes ("Fuentes"), the biological and non-custodial parent of Mathew Fuentes ("Mathew"), a disabled child, challenged the special education services Mathew received from the New York public schools as inadequate.  Id. at 147.  After the Committee on Special Education for the Hearing, Handicapped, and Visually Impaired determined that Fuentes, as Mathew's non-custodial

2

parent, did not have the right to participate in educational decisions affecting Mathew, Fuentes filed a pro se complaint in the United States District Court for the Eastern District of New York against the New York City Board of Education under 42 U.S.C. § 1983 and Section 1415(f)(1) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f)(1) seeking, inter alia, to vindicate rights granted by the IDEA.

The district court twice dismissed Fuentes's case for lack of standing on the basis that under New York law, a non-custodial parent has no right to make special education decisions for the child. Fuentes, 540 F.3d at 147-48. On appeal of the second dismissal, although "lower court authority strongly indicates that under New York law a non-custodial parent does not retain the right to participate in educational decisions for the child," we could find "no controlling New York Court of Appeals authority on point." Id. at 153. In light of the "paramount state concern" posed by custodial arrangements, we certified the following question to the New York Court of Appeals:

> Whether, under New York law, the biological and non-custodial parent of a child retains the right to participate in decisions pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions.

Id.

The New York Court of Appeals accepted this case on

3

certification and modified the question as follows:

> Whether, under New York Law, the non-custodial parent of a child retains <u>decision-making authority</u> pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions.

<u>Fuentes v. Bd. of Educ. of City of N.Y.</u>, 12 N.Y.3d 309, 314 (2009) (emphasis added).

On April 30, 2009, it issued its decision answering the question in the negative. <u>See</u> <u>id.</u> The Court of Appeals explained that "unless the custody order expressly permits joint decision-making authority or designates particular authority with respect to the child's education, a non-custodial parent has no right to 'control' such decisions. This authority properly belongs to the custodial parent." <u>Id.</u>

As we have explained, where a plaintiff "does not have the authority to make educational decisions on behalf of [a child]," the parent "lacks standing to demand a hearing under the IDEA on the appropriateness of defendants' IEP evaluation." <u>Taylor v. Vermont Dep't of Educ.</u>, 313 F.3d 768, 782 (2d Cir. 2002). Consequently, the appropriate question, for standing purposes, is not whether the non-custodial parent may "'participate' in a child's education," but rather, whether such a parent has "the right to 'control' educational decisions." <u>Fuentes</u>, 12 N.Y.3d at

4

314. The New York Court of Appeals concluded that, under New York law, a non-custodial parent lacks the decision-making authority to "control" a child's education when neither the custody order nor the divorce decree explicitly provides Fuentes, the non-custodial parent, any authority respecting Mathew's education. Id. The holding of the New York Court of Appeals therefore resolves the present suit, and we conclude that Fuentes lacks standing to sue as a "parent" under the IDEA.

For the foregoing reasons, the judgment of the district court is AFFIRMED.