Cohen v Cohen (2020 NY Slip Op 02263)





Cohen v Cohen


2020 NY Slip Op 02263


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02398
 (Index No. 3/17)

[*1]Rivka Cohen, respondent,
v
Tzvi Cohen, appellant.


Morrison & Foerster LLP, New York, NY (Ruti Smithline, Joseph R. Palmore, Lena H. Hughes, and Samuel B. Goldstein of counsel), for appellant.
Thorsen Law Offices, New City, NY (Eric Ole Thorsen and Ilene Kim Graff of counsel), for respondent.
Nicole Greenwald, New City, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated February 11, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was, in effect, to modify a judgment of divorce entered July 18, 2018, so as to direct the defendant, during his periods of parental access, to comply with the cultural norms of Hasidic Judaism which were practiced by the parties during the marriage.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was, in effect, to modify the judgment of divorce entered July 18, 2018, so as to direct the defendant, during his periods of parental access, to comply with the cultural norms of Hasidic Judaism which were practiced by the parties during the marriage is denied.
The parties were divorced by a judgment of divorce entered July 18, 2018. There are two children of the marriage, born in 2011 and 2013, respectively. The judgment of divorce, made after a nonjury trial, awarded the plaintiff (hereinafter the mother) sole physical and legal custody of the children, with parental access to the defendant (hereinafter the father). Recognizing that the children had been raised during the marriage in accordance with the practices and beliefs of Satmar Hasidic Judaism, the Supreme Court directed the father to provide the children with exclusively kosher food and to make "all reasonable efforts to ensure that the children's appearance and conduct comply with the Hasidic' religious requirements of the [mother] and of the children's schools as they were raised while the children are in [his] physical custody." The court emphasized, however, that it was not mandating any specific mode of dress or religious practices for the father during his periods of parental access.
On a prior appeal, this Court modified the judgment of divorce in certain respects, [*2]but upheld the religious upbringing provision (see Cohen v Cohen, 177 AD3d 848). Rejecting the father's contention that the religious upbringing provision was unconstitutional, this Court distinguished Weisberger v Weisberger (154 AD3d 41), in which the Supreme Court enforced a religious upbringing clause in the parties' separation agreement by directing that, during any period of parental access or during any appearance at the children's schools, the mother "must practice full religious observance in accordance with the Hasidic practices of ultra Orthodoxy," or be relegated to supervised therapeutic visitation (id. at 50). This Court explained that in Weisberger, "the Supreme Court had run afoul of constitutional limitations by compelling the mother to herself practice a religion, rather than merely directing her to provide the children with a religious upbringing" (Cohen v Cohen, 177 AD3d at 852). In Cohen "by contrast, the father was directed to make reasonable efforts to ensure the children's compliance with their religious requirements" (id. at 852-853). This Court in Cohen "emphasize[d], as did the Supreme Court, that the [father] is not required, at any time, to himself comply with any religious practices" (id. at 853).
While the prior appeal was pending, in August 2018, the father moved in the Supreme Court for certain relief, and the mother cross-moved, inter alia, in effect, to modify the judgment of divorce so as to direct the father, during his periods of parental access, to comply with the cultural norms of Hasidic Judaism. A lengthy hearing was held, at which the mother conceded that the father did not prevent the children from practicing their religion during his periods of parental access. The mother complained, however, that the father had failed to himself comply with Hasidic religious requirements in the presence of the children during his periods of parental access. Following the hearing, the court, among other things, purported to enforce the religious upbringing provision of the judgment of divorce by directing that, during his periods of parental access, the father "should conduct himself in accordance with the cultural norms" of Hasidic Judaism established by the parents during the marriage. The court directed that the father's behavior and conduct when in the presence of the children "must and should be consistent with the cultural norm . . . established by the parents." The father appeals from so much of the order as directed him to comply with the cultural norms of Hasidic Judaism during his periods of parental access.
We agree with the father that, by directing him to comply with the "cultural norms" of Hasidic Judaism during his periods of parental access, the Supreme Court ran afoul of constitutional limitations by compelling the father to himself practice a religion, rather than merely directing him to provide the children with a religious upbringing (see Cohen v Cohen, 177 AD3d at 852; Weisberger v Weisberger, 154 AD3d at 53). While the court referred to the "cultural norms" by which the children were raised, the testimony at the hearing made clear that the "cultural norms" referenced were that each parent would comply with the religious requirements of Hasidic Judaism. Under this Court's decisions in Weisberger and on the prior appeal, the court's directive that the father himself comply with these religious practices was an unconstitutional modification of the religious upbringing provision in the judgment of divorce, which must be reversed (see Cohen v Cohen, 177 AD3d at 852; Weisberger v Weisberger, 154 AD3d at 53).
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court