Weichman v Weichman (2021 NY Slip Op 06211)





Weichman v Weichman


2021 NY Slip Op 06211


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-06632
 (Index No. 50905/15)

[*1]Shaindy Weichman, appellant, 
v
Yecheskel C. Weichman, respondent.


Davis Polk & Wardwell LLP, New York, NY (Sharon Katz, Dara Sheinfeld, Kaiya M. Arroyo, and Allison Lehrer of counsel), for appellant.
Martin Friedlander, P.C., Brooklyn, NY, for respondent.
New York Civil Liberties Union Foundation, New York, NY (Gabriella Larios, Robert Hodgson, and Molly K. Biklen of counsel), amicus curiae pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an interlocutory judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 13, 2020. The interlocutory judgment, insofar as appealed from, upon a decision of the same court dated December 23, 2019, made after a nonjury trial, (1) failed to award the plaintiff decision-making authority on the issue of the education of the parties' child; and (2) directed that the plaintiff, during her periods of parental access, "shall not take the child to a place or expose the child to an activity that violates rules, practices, traditions and culture of the child's Orthodox Jewish Chasidic Faith."
ORDERED that the interlocutory judgment is modified, on the law, by deleting the provision thereof directing that the plaintiff, during her periods of parental access, "shall not take the child to a place or expose the child to an activity that violates rules, practices, traditions and culture of the child's Orthodox Jewish Chasidic Faith"; as so modified, the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2005. There is one child of the marriage, born in 2006. The child was raised in accordance with the parties' Orthodox Jewish Chasidic faith and attended an Orthodox Chasidic yeshiva from the age of two. In March 2015, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff identifies as a member of the LGBTQ community, and considers herself an Orthodox Jew. Following a trial on the issues of custody and parental access, the Supreme Court issued a decision awarding the defendant sole custody of the child, with the plaintiff to have specified periods of parental access. The court imposed certain restrictions on the plaintiff's periods of parental access, including a requirement that: "The [plaintiff] shall not take the child to a place or expose the child to an activity that violates rules, practices, traditions and culture of the child's Orthodox Jewish Chasidic Faith. Thus, the [plaintiff] shall ensure that the child is able to abide by the laws and rules of the Shabbat, Jewish Holidays, Kosher Chasidic and Glatt Kosher food requirement, and the rules of the Mosdos Chasidic Square."
An interlocutory judgment dated February 13, 2020, was issued, incorporating the [*2]provisions of the decision after trial. The plaintiff appeals, challenging only the Supreme Court's failure to award her decision-making authority on the issue of the child's education, and the first sentence of the restriction quoted above.
Ordinarily, absent an agreement, the custodial parent has the right to make educational decisions for a child (see Matter of De Luca v De Luca, 202 AD2d 580, 581). Nevertheless, "it may be appropriate, depending upon the particular circumstances of the case, to award some custodial decision-making authority to the noncustodial parent" (Matter of E.D. v D.T., 152 AD3d 583, 584 [internal quotation marks omitted]; see Cohen v Cohen, 177 AD3d 848, 851-852; Chamberlain v Chamberlain, 24 AD3d 589, 591). Here, there was a sound and substantial basis for the Supreme Court's determination to award the defendant decision-making authority on the issue of the child's education (see Matter of E.D. v D.T., 152 AD3d at 584). The child had been enrolled in the same yeshiva since he was two years old, where he was doing well socially and academically, and the plaintiff failed to establish that her desired plan of enrolling the child in a different type of yeshiva or a public school would be in the child's best interests (see Weisberger v Weisberger, 154 AD3d 41, 54).
However, we agree with the plaintiff that the Supreme Court's direction that, during her periods of parental access, she "shall not take the child to a place or expose the child to an activity that violates rules, practices, traditions and culture of the child's Orthodox Jewish Chasidic Faith" must be vacated.
In the absence of a written agreement, the custodial parent may determine the religious training of a child (see Cohen v Cohen, 177 AD3d at 853; Matter of Cook v Rabinowitz, 5 AD3d 594, 594; Matter of De Luca v De Luca, 202 AD2d at 581). Consistent with the children's best interests, courts may properly direct noncustodial parents, during periods of parental access, to respect the children's religious beliefs and practices and make reasonable efforts to ensure the children's compliance with their religious requirements (see Cohen v Cohen, 177 AD3d at 853; Matter of Indig v Indig, 90 AD3d 1050, 1051; Matter of Ervin R. v Phina R., 186 Misc 2d 384, 393 [Fam Ct, Kings County]). However, as this Court explained in Weisberger v Weisberger (154 AD3d at 53), a court oversteps constitutional limitations when it purports to compel a parent to adopt a particular religious lifestyle. "To the contrary, '[i]t is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise'" (id., quoting Lee v Weisman, 505 US 577, 587; see Cohen v Cohen, 182 AD3d 545, 547). A religious upbringing provision "should not, and cannot, be enforced to the extent that it violates a parent's legitimate due process right to express oneself and live freely" (Weisberger v Weisberger, 154 AD3d at 53, citing Obergefell v Hodges, 576 US 644, Lawrence v Texas, 539 US 558, 574, and Planned Parenthood of Southeastern Pa. v Casey, 505 US 833, 851). Thus, where the effect of a religious upbringing provision is to compel a parent to himself or herself practice a religion, rather than merely directing the parent to provide the child with a religious upbringing, the provision must be stricken (see Cohen v Cohen, 182 AD3d at 547; Weisberger v Weisberger, 154 AD3d at 53).
Here, the challenged restriction does not expressly require the plaintiff to herself comply with the rules of the child's Orthodox Jewish Chasidic faith during periods of parental access. Nonetheless, we agree with the plaintiff that the breadth of the provision in forbidding her to "expose" the child to any activities which violate the child's Orthodox Jewish Chasidic faith has the same effect as the provisions this Court struck down in Cohen v Cohen (182 AD3d at 547) and Weisberger v Weisberger (154 AD3d at 53). The only way for the plaintiff to ensure her compliance with the restriction is for her to comply with all religious requirements of the child's faith during her periods of parental access, lest she "expose" the child to activities not in keeping with those religious requirements. The defendant's testimony at the trial supports this conclusion and demonstrates that he expected the plaintiff to "conduct herself in [the child's] presence according to the rules" of the child's faith. The defendant was especially concerned that the child would be exposed to people involved in a "gay lifestyle" and testified that, if the plaintiff became involved in a relationship with or married a woman, he would request that the partner not be present during periods of parental access because same-sex relationships are inconsistent with Chasidic religious principles. Such [*3]restrictions on a parent's ability to "express oneself and live freely" go beyond requiring a noncustodial parent to support and enable the child's religious practices, and impermissibly infringe on the noncustodial parent's rights (Weisberger v Weisberger, 154 AD3d at 53).
The plaintiff does not challenge the Supreme Court's direction that, during periods of parental access, she "shall ensure that the child is able to abide by the laws and rules of the Shabbat, Jewish Holidays, Kosher Chasidic and Glatt Kosher food requirement, and the rules of the Mosdos Chasidic Square." That provision effectively addresses the plaintiff's obligation to ensure the child's compliance with his religious requirements during her periods of parental access (see Cohen v Cohen, 177 AD3d at 853). Accordingly, we modify the interlocutory judgment to delete the challenged restriction.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.

2020-06632 DECISION & ORDER ON MOTION
Shaindy Weichman, appellant, v Yecheskel C.
Weichman, respondent.
(Index No. 50905/15)

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from an interlocutory judgment of the Supreme Court, Kings County, dated February 13, 2020, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated June 28, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court